GEORGE K. SLATER, Appellant, *v.* CASPAR RINK and wife, Appellees.

APPEAL FROM KANE.

In an action for an assault and battery, it is erroneous to instruct the jury, that the plaintiff is only entitled to damage for the injury and pain on the day of the offense. A plaintiff may recover for the extent and consequences of the injury.

CASPER RINK and Elizabeth Rink sued George K. Slater in trespass, for an assault and battery on Elizabeth Rink. Action brought at the May term of the Kane County Circuit Court, 1856, and tried at the succeeding November term thereof. I. G. WILSON, presiding.

The defendant pleaded, *son assault demesne,* to which the plaintiffs replied, *de injuria* (issue thereon).

B. C. COOK and PARKER EASTMAN, and W. B. PLATO, for Appellant.

DAY and PARKS, for Appellees.

CATON, J. The declaration is for an assault and battery committed on the person of Elizabeth Rink, on the 6th day of May, 1856, by means whereof she suffered great pain, and her life was greatly despaired of. Upon the trial the defendant below asked the court to instruct the jury as follows: "If the jury find for the plaintiffs, yet they are not entitled to damages, except for the injury and pain on the day of the injury." The refusal to give this instruction is assigned for error. The

instruction was not the law and was properly refused. Had the instruction been that the plaintiff could only recover for the injury committed on that day, it would have been proper, but it was proper that the jury should ascertain the extent and consequences of that injury, and her subsequent sufferings from the injury were a direct consequence of it, and for which she had a right to recover in an action for the injury itself. Suppose the defendant had cut her hand off. In an action averring that he had done so, it would be strange if the jury might not take into their consideration the loss of the member for the balance of her life, and estimate the damages accordingly.

The jury gave the plaintiff a verdict for one thousand dollars damages, and this is complained of as excessive. If there be any just cause of complaint of this verdict we think it is too low. The evidence is overwhelming and conclusive, that the defendant committed an outrageous assault upon Mrs. Rink, with a hoe. He struck her several times with it, and knocked her to the ground, and broke one of her fingers, by which it is not improbable that she is maimed for life. For this assault there was no sufficient provocation. Admitting that her sons were trespassers in the plaintiff's orchard, and that he was justified in driving them away; when the mother came out to remonstrate with him for beating them, with no weapon in her hand, offering him no violence, his assault upon her with the hoe was a cowardly and brutal act, which, I think, would have justified a much higher verdict than the jury gave; especially, when we consider that the proof shows that the defendant was worth nine or ten thousand dollars.

The judgment must be affirmed.

*Judgment affirmed.*