## JAMES R. PAUL

v.

## CHARLES LEYENBERGER.

1. MALICIOUS PROSECUTION—DAMAGES.—In an action for malicious prosecution where the actual damage to the plaintiff for the arrest and imprisonment are definitely shown, and the jury find for the plaintiff, but give only nominal damages, it is error in the court to deny a motion for a new trial.

2. JURISDICTION.—It is within the province of an appellate court to revise and set aside a verdict for insufficient as well as for excessive damages.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed October 22, 1885.

Mr. E. A. SHERBURNE, for appellant.

Mr. ROBERT HERVEY, for appellee; that courts will not grant new trials merely to enable the plaintiff to recover vindictive damages, cited McKee v. Ingalls, 4 Scam. 30; Plumleigh v. Dawson, 1 Gilm. 544; Comstock v. Brosseau, 65 Ill. 39.

McALLISTER, J. This was an action for malicious prosecution, brought by the appellant, Paul, against the appellee, Leyenberger. On the trial the plaintiff, in addition to such as tended to support his cause of action, adduced evidence, which was not controverted, showing that he had sustained actual damages, as the direct consequence of his arrest and imprisonment, to the amount of thirty-five dollars.

The jury, upon evidence sufficient to support a verdict of guilty, found the defendant guilty, but gave the plaintiff damages only in the nominal sum of one dollar. The plaintiff moved for a new trial, which was denied and judgment was entered on the verdict. The plaintiff appeals.

We are of opinion that under the circumstances in evidence, the court below erred in denying the plaintiff's motion for a new trial.

The actual damage was shown with such definiteness as to be capable of being classified under a particular head and determined by a legal measure. There was then that element of damage not only involved in the case, but clearly established. But, from the evidence establishing such actual damage and the verdict, it is perfectly obvious that the jury omitted, for what reason we can not say, to take that element of damage into consideration in making up their verdict. As a matter of principle, important in the due administration of justice, that omission constituted a sufficient ground for granting a new trial, and the court erred in refusing it. Phillips v. The S. W. Railway Co., 4 Q. B. D. 406; affirmed, 5 Q. B. D. 78.

The injury to the plaintiff below from the arrest and imprisonment, can not justly and properly be said to have been trivial. It was serious and substantial. In such case the rule is that the plaintiff is entitled to substantial compensation; and in case of trivial injury, or even without any actual injury, to merely nominal damages. Phillips v. Phillips, 34 N. J. Law, 215.

Where a rule of damages can be discovered, the jury are bound to follow it. Walker v. Smith, 1 Wash. C. C. R. 152.

It is within the province of an appellate court to revise and set aside a verdict for *insufficiency*, as well as for excessiveness of damages. Robbins v. Hudson R. R. Co., 7 Bosworth, 1; McDonald v. Walter, 40 N. Y. 551; 2 Sedg. on Dam., 7th Ed., 660; 1 Suth. on Dam. 810.

For the error of the court below in denying plaintiff's motion for a new trial, the judgment will be reversed and cause remanded.

Judgment reversed.