JOHN S. TINSLEY

v.

HENRY F. ROWE.

</div>

TRESPASS VI ET ARMIS—DAMAGES.—In an action of trespass *vi et armis* for cutting and stabbing under a general averment of damages, the plaintiff can give in evidence any matters tending to establish the nature, character and extent of the injury received, that are the direct and natural consequence of the defendant's act.

APPEAL from the Circuit Court of Jasper county ; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed November 27, 1885.

Trespass *vi et armis* for cutting and stabbing plaintiff with a knife, which was justified by defendant on the ground of self-defense. The cause was tried by a jury and a verdict returned of $400 for the plaintiff, upon which the court entered judgment and the defendant appeals.

Messrs. HONEY, HALLEY & CALLAHAN, for appellant ; as to damages, cited Sedgwick on the Measure of Damages, 677.

Mr. GEORGE W. FITHIAN, for appellee ; that the declaration is broad enough to recover all damages proved, cited Indianapolis v. Gaston, 58 Ind. 224 ; I. C. R. R. v. Read, 37 Ill. 484 ;

Tinsley v. Rowe.

Whalen v. S. L. C. Ry. Co., 60 Mo. 323 ; Collins v. City, 32 Ia. 324 ; Holbrook v. U. & S. Ry. Co., 2 Kern. 236 ; Steamer N. W. v. King, 16 How. 472 ; Russ v. Steamboat War Eagle, 14 Ia. 363 ; Sedgwick on Meas. Dam., 618 ; C., R. I. & P. Ry. Co. v. Otto, 52 Ill. 416 ; Little v. Tingle, 26 Ind. 168.

PILLSBURY, P. J.    From appellant's abstract it appears that no objection was made to the introduction of any evidence on the trial below offered by either party.    Briefly stated, the material facts would seem to be that the appellant and two or three friends were sitting upon a fence talking about some political meeting and discussing the merits of certain candidates for office when Rowe approached them in an intoxicated condition.    As he came up, appellant made the remark that one of the candidates, naming him, was a drunkard, whereupon Rowe asked him who said so, and the reply being a good many said so, Rowe said it was a lie, and if Tinsley said so he was a liar.    Rowe then took hold of appellant's coat and commenced to pull him around, when the appellant cut him in the shoulder with a knife ; and upon Rowe then striking him, he stabbed Rowe in the side, cutting him in so serious a manner that his intestines protruded from the wound.    There was evidence tending to show that the injury then received by the appellee was of a permanent character, and would in the future affect his health and his ability to labor as formerly.    Special objection is made to an instruction given by the court to the jury based upon this evidence, authorizing them, if they found defendant guilty, to allow the plaintiff below damages for any such permanent injury as they should find to be the necessary result of the injury complained of by appellee.

It is urged in support of the objection that permanent injury arising from a wound inflicted is in the nature of special damages, and can not be recovered unless specially alleged in the declaration.    That the general allegation that the plaintiff, in consequence of the wounding, became sick, lame and disordered from the time of the injury to date of commencement of the suit, and during all that time was rendered incapable of following and transacting his affairs and business, etc., is not enough to authorize a recovery for such damages.

These allegations of damages sustained, it is true, are some-
what general, but in our opinion are sufficient to admit evi-
dence of all those consequences to the plaintiff which are the
natural, legal and proximate results of the tortious act of the
defendant.   Greenleaf says in his work on Evidence, Vol. 2
§ 89, that "A plaintiff under the usual allegation of assault and
battery may give evidence of any damages naturally and nec-
essarily resulting from the act complained of."   So it is said
that as a general proposition the plaintiff is at liberty to
prove, and the jury are bound to take into consideration, those
direct and immediate consequences of the act complained of,
which are so closely connected with it that they would not of
themselves furnish a distinct cause of action.   Sedgwick on
Damages, 104.

In Fetter v. Beal, 1 Lord Raymond, 339, the plaintiff de-
clared for a battery, averring that he had previously brought
an action for it against the defendant and recovered £11 and
no more ; and that afterward part of his skull, by reason of
said battery, came out of his head, and for this subsequent
damage the suit was brought.   The defendant pleaded the
former recovery in bar, and judgment was given upon that
plea for the defendant, and upon the cause coming before
Holt, C. J., Ibid. 692, he said:   "If this matter had been
given in evidence as that which *in probability might have been*
the consequences of the battery, the plaintiff would have *re-
covered damages for it.*   The injury which is the foundation
of the action is the battery, and the greatness or consequences
of that is only in aggravation of damages."   Slater v. Rink
and wife, 18 Ill. 527, was an action for assault and battery,
the declaration averring resulting damages in a general way
as in this case, and the defendant asked for an instruction that
the plaintiffs were not entitled to recover damages except for
the injury and pain on the day of the injury, which was re-
fused, and upon error assigned the court said:   " The instruc-
tion was not the law and was properly refused.   Had the
instruction been that the plaintiff could only recover for the
injury committed on that day, it would have been proper, but
it was proper that the jury should ascertain the extent and

Tinsley v. Rowe.

consequences of that injury, and her subsequent sufferings from the injury were a direct consequence of it, and for which she had a right to recover in an action for the injury itself. Suppose the defendant had cut her hand off. In an action averring that she had done so, it would be strange if the jury might not take into their consideration the loss of the member for the balance of her life and estimate the damages accordingly."

These authorities sufficiently show that under the general averment of damages contained in this declaration the plaintiff can give in evidence any matters tending to establish the nature, character and extent of the injury received, that are the direct and natural consequence of the defendant's act; that such consequences are in the nature of general damages implied by the law, and form the correct measure of damages in the action.

It is only where the damages claimed are such as the law will not imply that they are the natural and necessary results of the injury, that it becomes necessary to specially aver the character of them and the manner in which they arose, so the defendant will be advised what he is to meet upon the trial. But he must come prepared to meet proof, without special averment, of all those consequences directly attributable to and flowing from his own wrongful act, as he is presumed to have anticipated such results when he committed the injury. Such is the nature of the injury here. Can it be said with any show of reason that the suffering and pain endured and the permanent injury to the appellee was not the natural and even probable consequence of the use of the knife upon him by the defendant? And can it be said that such consequences would not be implied by the law from such stabbing and wounding with a deadly weapon? It may be that such results do not always follow from such acts, but when they do they are no less considered by the law as the direct and natural results of the injury; and when such results do follow they are to be compensated for in damages in an action for the injury itself—indeed are considered by the law as being inflicted with the stroke that produced them. These results thus following

in the natural order of events from the act causing the injury become part and parcel of the injury itself, though not fully ascertained until long after the act causing them was committed. We therefore are of the opinion that under the allegations contained in this declaration and the proof introduced without objection, no error was committed by the court in giving the instruction. Burchard v. Booth, 4 Wis. 67; Klein v. Jewett, 26 N. J. Eq. 480; McLaughlin v. City of Corry, 77 Pa. St. 109.

Some objections are made to other instructions given for plaintiff below, but an examination of them shows that they are substantially correct upon plaintiff's theory of the case, while those given for defendant are as full and favorable as he had any right to demand or receive, and the charge of the court appears as a whole to fairly present the case to the jury—nothing, as we perceive, being contained therein that could possibly prejudice the appellant.

With the verdict upon the evidence we are fully satisfied. The proof shows a reckless use of a deadly weapon under circumstances where its use was wholly unnecessary, the appellant being in no danger of any serious bodily harm from appellee in his then condition, and the manner of his assault upon appellant as disclosed by the evidence.

The use of the knife and revolver upon the slightest provocation has become altogether too common to be looked upon with complacency by those whose duty it is to administer the laws and who believe that it is better to redress private wrongs in the courts of law than to endanger life and limb unnecessarily. We think substantial justice has been done in this cause and that the damages are not excessive under the circumstances, and no material error appearing in the instructions, the judgment will be affirmed.

<div align="right">Judgment affirmed.</div>