## PETER V. LOWE
### v.
## HENRY RAVENS.

*Practice—Conflict of Evidence—Exclusive Right of Jury.*

1.   Where the evidence is conflicting the jury have the exclusive right to pass upon and determine its weight and to find the facts.

2.   This court will not interfere with the verdict of the jury when it is not clearly against the weight of the evidence and it does not appear to have been prompted by passion, prejudice, or misapprehension of the evidence.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Kankakee County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. RICHARDSON BROS., for appellant.

Mr. C. A. LAKE, for appellee.

WELCH, J.   This was an action of assumpsit brought by the appellee against the appellant to recover for extras and a balance claimed to be due him upon a contract with the appellant, whereby the appellee agreed to furnish the materials and erect for the appellant a house and barn, for which appellant was to pay him the sum of $3,000.   Appellant filed plea of general issue, set-off, and two special pleas setting up the contract and alleging a breach thereof by the appellee as to the quality of materials furnished and character of work done, and denying that appellee furnished any extra material or work.   The trial of the issue resulted in a verdict and judgment for the appellee for the sum of $400.

We have examined the evidence, and find it very conflicting.   The jury under the law have the exclusive right to pass upon, and determine the weight of evidence and to find the

facts. We must therefore leave the question of credibility and the worth of the evidence where the law has placed it, with the jury. We can not say that the verdict in this case is clearly against the weight of evidence, or that the verdict was prompted by passion, prejudice, or a misapprehension of the evidence. While we might have been better satisfied with the verdict the other way, yet under the law, that is not sufficient to justify us in disturbing it. Morgan v. Ryerson, 20 Ill. 343; Martin v. Ehrenfels, 24 Ill. 187; Pulliam v. Ogle, 27 Ill. 189; Bishop v. Busse, 69 Ill. 403; Baysinger v. The People, 115 Ill. 419. We find no error in the law as given by the court.

*Judgment affirmed.*