# ELIZABETH LOVETT

## v.

# CITY OF CHICAGO.

*Personal Injuries—Damages—Inadequacy—Municipal Corporations.*

1. The refusal of a new trial to the plaintiff in a suit brought against a municipality to recover for personal injuries alleged to have occurred through its negligence, upon the ground that the verdict in his favor was inadequate, will not be disturbed merely on the strength of such inconsistency.

2. An instruction in such case setting forth that if the defendant was found guilty, they should assess against it such damages as they believed from the evidence the plaintiff sustained as the *direct* result of such negligence, can not be complained of. The word *direct* is synonymous with the words "natural and proximate," more commonly used.

[Opinion filed April 21, 1890.]

IN ERROR to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. W. H. SISSON, C. F. GOODING, and W. D. COPPERNOLL, for the plaintiff in error.

Messrs. W. E. HUGHES, GEORGE F. SUGG and C. S. CAMERON, for defendant in error.

GARNETT, J. In this action on the case for personal injuries to appellant, the jury, by their verdict, allowed her $100 damages. The evidence would have warranted a much larger verdict, and appellant now asks that the judgment may be reversed because the damages given were inadequate.

The verdict is inconsistent, but the trial judge evidently thought the plaintiff had been awarded $100 more than she was entitled to on the merits of the case. Otherwise he would have granted her motion for a new trial. This court has decided that in such cases the refusal of a new trial will

not be disturbed merely on the strength of the inconsistency of the verdict. O'Malley v. Chicago City Railway Co., 33 Ill. App. 354.

As to the measure of damages the circuit judge of his own motion instructed the jury that if they found the defendant guilty they should assess against it such damages as they believed from the evidence the plaintiff sustained as the *direct* result of defendant's negligence. Appellant objects to the word *direct* in the instruction, and says the small amount of the verdict was caused by the use of that word. The words "natural and proximate" are more commonly used than "direct" and for that reason may be said to be more appropriate. But the word "direct" is often used in the decided cases as synonymous with those in more general use. I. B. & W. R. Co. v. Burney, 71 Ill. 381; Slater v. Rink, 18 Ill. 527; Walrath v. Redfield, 11 Barb. 368; Clemens v. Hannibal & St. J. R. R. Co., 53 Mo. 366; Salem Bank v. Gloucester Bank, 17 Mass. 32.

We are not prepared to say that the instruction was erroneous.

The judgment is affirmed.

*Judgment affirmed.*