## John H. Bourke v. Anglo-American Provision Company.

1. APPELLATE COURT PRACTICE—*Power to Set Aside Verdicts for Insufficient or Excessive Damages.*—It is within the province of an Appellate Court to set aside a verdict for insufficiency as well as for excessiveness of damages.

2. SAME—*Interference with Verdicts in Personal Injury Cases.*—It has been frequently held that a reviewing court will not interfere with the verdict of a jury in personal injury cases simply because the court might have arrived at a different conclusion.

Trespass on the Case, for personal injuries.   Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1899. Affirmed.   Opinion filed July 10, 1900.

THEODORE G. CASE, attorney for appellant.

O. W. DYNES, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This suit was commenced by appellant to recover damages from appellee for personal injury.   There was a verdict and judgment in the court below for $200.   Counsel for appellant frankly states in his printed argument, that "the only ground relied upon in this appeal is that the damages were inadequate."

"It is within the province of an Appellate Court to reverse and set aside a verdict for insufficiency as well as for excessiveness of damages." (Paul v. Leyenberger, 17 Ill. App. 167.)   That being the law, the question is, is the case at bar one in which the "verdict" should be set aside?

Appellant, while in the employ of appellee, was caught by a set screw upon a rapidly revolving shaft and whirled around and injured.   Counsel says, "The miracle in this case is that he was not torn and crushed into a hundred fragments."

That is quite probably correct, but the fact is he was not reduced to fragments and the appellee is entitled to the favorable results of such "miracle" equally with the appellant.

It appears that appellant's clothing was torn from his person, and that he was bruised "from head to foot," but no bone was fractured.   His physician testified that "there was no visible effect of the injuries outside of a scar and "scalp wound."   He was able to return to his work in about a month.   He lost twenty-seven or twenty-eight days' service for which he was receiving $2.16 per day.   His physician, when asked the amount of his bill, said, "I do not know," but later said that his best recollection was about $100.   There is no testimony as to any other financial loss or damage except it be his clothing, and there is no testimony as to the value of that.

It has been frequently held that a reviewing court will not interfere with the verdict of a jury in personal injury cases simply because the court might have arrived at a different conclusion.   In the case at bar, there is nothing tending to show that the jury was influenced in arriving at the verdict by passion or prejudice or fraud.   Indeed such a thing is not suggested by counsel for appellant.   The only contention is:

"The verdict is altogether inadequate and in no way any possible kind of recompense for these injuries, and could only have been arrived at by the jury by a quotient verdict, or without any consideration whatever of the gravity of the injuries."

There is nothing in this record upon which to base that contention except the claim that the verdict is too small. We see nothing which would warrant the court in interfering with the verdict of the jury.

The judgment of the Circuit Court is affirmed.