## Chicago Union Traction Company v. Patrick H. O'Donnell, Admr.

### Gen. No. 11,196.

1. VERDICT—*when, will not be disturbed.* A verdict will not be set aside when there is a contrariety of evidence and the facts and circumstances by a fair and reasonable intendment will authorize the verdict, notwithstanding it may appear to be against the strength and the weight of the testimony; but where the verdict is manifestly against the weight of the evidence it will be set aside.

2. PREPONDERANCE OF EVIDENCE—*what does not establish.* The mere fact that the plaintiff's theory is supported by the testimony of but a single witness, and the defendant's by two, does not establish the preponderance of the evidence in favor of the defendant, as the jury may believe the one and disbelieve the two.

3. ORDINARY CARE—*when question of exercise of, as one of law, is waived.* Where the defendant has moved for a peremptory instruction and subsequently, after such motion has been overruled, requests the court to give to the jury instructions submitting, as a question of fact, the question as to whether appellee's intestate, at the time of the accident, was exercising ordinary care, the right to urge such question as one of law is deemed to have been waived.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed March 17, 1904.

JOHN A. ROSE and LOUIS BOISOT, for appellant; W. W. GURLEY, of counsel. ·

KICKHAM SCANLAN, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The judgment from which this appeal is taken was rendered in an action in case by appellee against appellant for causing the death of William Julius, by negligence. The amount of the judgment is $3,780. No question is raised as to the sufficiency of the declaration, or as to variance between it and the evidence. The defendant pleaded the general issue. The deceased was twenty-three years and one month old at the time of the accident. He was unmarried and, by occupation, a press feeder. September 23, 1900, between the hours of two and three o'clock in the morning, he was run over and killed, at the intersection of Peoria and Van Buren streets, in the city of Chicago, by a car of the appellant, operated by electricity, moving westward on Van Buren street. The contentions of appellant's counsel are, that the evidence does not sustain the verdict; that the deceased, before and at the time of the accident, was not exercising ordinary care; and that the court erred in the admission of evidence.

The evidence in the cause is conflicting. Counsel for appellant say of it : " The evidence in this case, as we have seen, is sharply conflicting." The evidence is such that, if the jury had found for appellant, we would not hold the verdict to be manifestly against the weight of the evidence. Neither can we hold the verdict rendered to be manifestly against the weight of the evidence. In Ill. Cen. R. R. Co. v. Gillis, 68 Ill. 317, the court say : "If any rule of this court can be so well established as to be neither questioned nor require the citation of authorities to support

it, it is that a verdict will not be set aside whenever there is a contrariety of evidence, and the facts and circumstances, by a fair and reasonable intendment, will authorize the verdict, notwithstanding it may appear to be against the strength and weight of the testimony." It is not to be implied from the last part of the language quoted, that the court will not set aside a verdict when it is manifestly against the weight of the evidence, even though the evidence is conflicting. In Bradley v. Palmer, 193 Ill. 15, 90, the court say: " Manifestly, it was never said by this court, nor intended that it should be understood, that the court will not interfere with a verdict, in a case of this kind, on the ground that it is clearly against the weight of the evidence, where the evidence is conflicting, unless the evidence of the successful party, standing alone and considered by itself, is insufficient to sustain the decree. It has been repeatedly said that the rule is the same as in cases at law, and the statement of it in some of the cases in this form, that ' where there is a conflict in the evidence this court will not reverse the decree if the evidence of the successful party, when considered alone, is sufficient to sustain the decree,' is clearly subject to the qualification usually stated in the cases, that the verdict is not clearly against the weight of the evidence." Each of the cases cited was a contested will case in chancery, but in such case the rules as to granting new trials are the same as at law. Entwistle v. Meikle, 180 Ill. 9, 22.

In the present case only three witnesses testified, who witnessed the accident, one for the plaintiff, the other two for the defendant, and appellant's counsel contend that credit should be given to the two instead of to the one; that the preponderance of the evidence should be adjudged to be on the side of appellant, in whose favor the two eye-witnesses testified. In such case the question is one not merely of numbers, but of credibility, and it was clearly within the province of the jury to determine which was the more credible, the testimony of the one witness for appellee, or of the two for appellant. In North Chicago St. Ry.

Co. v. Fitzgibbons, 79 Ill. App. 632, the witnesses for the plaintiff were four and those for the defendant nine. The jury found for the plaintiff, and we overruled the contention that the preponderance of the evidence was with the defendant, saying : "If we were to be guided only by the number of witnesses, it would be a simple matter to conclude that nine preponderated in numbers over four. But the jury might, with propriety, have based their measurement upon other considerations as well as that of mere numbers—as, upon apparent truthfulness, lack of interest, opportunity for observing, intelligence, etc."

We find that the evidence for appellee, standing alone, is amply sufficient to sustain the verdict, and, considering all the evidence, we cannot say that the verdict is manifestly against the weight of the evidence.

Appellant's counsel, at the close of all the evidence, moved the court to exclude the evidence from the jury, and to instruct the jury to find appellant not guilty, which motion the court overruled. But counsel for appellant subsequently requested the court to give, and the court gave to the jury, instructions submitting to the jury the question, as one of fact, whether appellee's intestate, at the time of the accident, was exercising ordinary care for his own safety. Having thus submitted the question to the jury, as one of fact, counsel cannot now be heard to contend that, as matter of law, it must be held that appellee's intestate failed to exercise ordinary care. Considering the question as one of fact, we cannot say that the finding of the jury that the deceased exercised ordinary care is manifestly against the weight of the evidence. The contention that improper evidence was admitted by the court we cannot sustain.

The judgment will be affirmed.

*Affirmed.*