# Springfield Consolidated Railroad Company v. Mary A. Lane.

1. PREPONDERANCE OF EVIDENCE—*when, not necessarily with defendant.* The fact that the issues of fact in a cause depend upon the testimony of two witnesses, one for each party, who contradict each other, will not necessarily determine the preponderance of the evidence to be with the defendant, as it is for the jury to decide upon the credibility of the respective witnesses.

Action on the case for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

WILSON, WARREN & CHILD, for appellant.

SHUTT & GRAHAM, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case by appellee to recover damages for injuries alleged to have been sustained by her while a passenger upon one of appellant's street cars. She recovered judgment for $500, from which the defendant appeals.

The negligence charged in the declaration is that the defendant negligently caused the car in question to be suddenly and violently started in motion while the plaintiff was about to alight therefrom, whereby she was thrown to the ground and injured. It is not denied that appellee fell or was thrown from the car by reason of the sudden starting of the same, the controverted question being as to whether she attempted to leave the car before or after the signal for starting same had been given by the conductor. The evidence discloses that on the day of the accident appellee became a passenger upon an open summer street car on the street railroad operated by appellant in and along Fifth street in the city of Springfield, for the purpose of being carried to the intersection of that street and Eastman avenue. Appellee testified that when the car reached Eastman avenue it stopped at the usual place; that she immediately stepped down upon the foot board intending then to step to the ground, but that before she could do so the car suddenly started, throwing her to the ground. The conductor of the car testified that after it stopped at Eastman avenue, several passengers alighted; that he then looked over the car to see whether all who wished to do so had gotten off, and seeing no one, signaled the motorman to go ahead; that appellee then arose from her seat and started to get off the car; that he immediately gave the signal to stop, but that the car had already started and appellee was thrown or fell therefrom.

The only assignment of error urged or argued is that the verdict was not supported by the evidence. It is insisted by appellant that the determination of the vital issue in the case depends upon the testimony alone of the appellee and the conductor, and that they being equally credible, and

appellee's version of what took place having been expressly and explicitly denied by the conductor, it cannot be said that the evidence of one preponderates over that of the other, and that therefore appellee failed to prove her case by a preponderance of the evidence.

We recognize the rule laid down in the cases cited by counsel, to the effect that where witnesses are equally credble, and have the same means of information, and where each testifies to facts equally probable, and where the issue rests upon the affirmation of one and the denial of the other, the party having the affirmative of the issue cannot be said to have established his claim by the greater weight of the evidence. But we cannot assume, as appellant has done in argument, that the witnesses in question are of equal credibility. No rule of law is more firmly settled than that for all the purposes of a jury trial the jury are the sole judges of the credibility of witnesses and of the weight and value of their testimony. The determination of these questions often involves tests which a court of review is unable to apply, such as the appearance of the witness, his demeanor while testifying, his apparent frankness or candor, all of which may properly be considered in determining the weight to be given to his statements. In the case at bar the jury evidently saw fit to believe appellee's testimony in preference to that of the conductor. In view of their superior opportunities to judge of the credibility of the witnesses and the fact that the trial judge approved their verdict, we do not feel that we would be warranted in disturbing the judgment.

*Affirmed.*