## Springfield Consolidated Railway Company v. Fannie Wright.

1. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside as against the weight of the evidence unless the conclusion of the jury is manifestly against the weight of such evidence.

2. VERDICT—*when excessive.* In an action on the case for personal injuries, a verdict of $1,425 is excessive where it appears that the injury in question was not serious, confined the plaintiff to her bed for about two weeks and was cured to a marked extent at the time of the trial, which occurred one year after the accident.

3. PREPONDERANCE OF EVIDENCE—*what does not constitute.* The mere fact that the plaintiff's theory is supported by the testimony of but one witness and that of the defendant by two, does not necessarily establish a preponderance of evidence in favor of the defendant; the jury may believe the one and disbelieve the two.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1906. Affirmed upon *remittitur.* Opinion filed June 1, 1907.

WILSON, WARREN & CHILD, for appellant.

SHUTT, GRAHAM & GRAHAM, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Fannie Wright sued the Springfield Consolidated Railway Company in the Circuit Court of Sangamon county to recover damages, alleged to have been sustained by her through the negligence of the railway company's servants in the management of one of its street cars, while she was in the act of alighting from

the car. There was a verdict in favor of Wright and against the railway company in the sum of $1,425, upon which the trial court rendered judgment. The company appealed.

Appellant contends that the verdict of the jury was against the manifest weight of the evidence and that the trial court committed error in not setting it aside.

There were only three witnesses to the accident; they were appellee, the conductor upon the street car, and one Mary Coleman. Appellee testified that the car gave a sudden jerk just as she was stepping from the car which threw her to the ground causing the injury, while the conductor testified that appellee attempted to leave the car while it was in motion. The testimony of Coleman tends slightly to corroborate the conductor, yet it is so indifferent in character that it is of little value. She does not remember where appellee stood at the time of the injury, whether upon the platform or the step of the car, nor which way she was facing when she left the car and is not sure whether appellee got off the car before or after it stopped. The testimony of appellee and that of the conductor is in direct conflict, as to the way in which the injury was occasioned and as to appellee's exercise of due care.

In cases where the evidence is close and conflicting, and the determination of the rights of the parties depends solely upon the credibility of witnesses and the weight to be given to their testimony, this court is not disposed to interfere upon the ground alone that the verdict is manifestly against the weight of the evidence. Springfield Consolidated Railway Co. v. Lane, 116 Ill. App. 517. It has been frequently held that a reviewing court will not interfere with a verdict although such court might have arrived at a different conclusion upon the evidence. Bourke v. Anglo-American Provision Co., 90 Ill. App. 225; Lowe v. Ravens, 21 Ill. App. 630. Nor will the mere fact that the plaintiff's theory is supported by the testimony of but one witness and that of defendant's by two, establish the

preponderance in favor of the defendant, as the jury may believe the one and disbelieve the two. Chicago Union Traction Co. v. O'Donnell, 113 Ill. App. 259.

It was the province of the jury to say to which witness or witnesses they would give credit and what one or ones they would disbelieve. We cannot say upon this record that the verdict of the jury was manifestly against the weight of the evidence and decline to interfere with the verdict upon that ground.

We hold, however, that the damages awarded by the jury to appellee are excessive. The evidence shows that appellee was not seriously injured and was confined to her bed only about two weeks; that her injury was cured to a marked extent at the time of the trial, about one year after the accident. We require appellee to remit $425 of the judgment for $1,425 leaving the amount of recovery at $1,000. If appellee or her attorney will file such *remittitur* in this court within thirty days from the time this opinion is filed the judgment will be affirmed in the sum of $1,000. Otherwise the judgment will stand reversed and the cause remanded.

*Affirmed on remittitur. Remittitur filed and judgment affirmed.*