Jennie Kilmer, Appellant, v. Alonzo Parrish, Appellee.
Gen. No. 5,010.

1. AMENDMENTS AND JEOFAILS—*how ruling denying leave to amend must be preserved.* The action of the court in denying leave to amend can only be preserved by bill of exceptions.

2. AMENDMENTS AND JEOFAILS—*when abuse of discretion to deny leave.* The court should be liberal in permitting amendments in the interests of justice. After an attachment in aid has been levied, an affidavit may be filed setting up additional grounds for the attachment, even after the trial has begun upon the plea traversing the original affidavit.

3. AMENDMENTS AND JEOFAILS—*what essential to order of amendment entered after judgment term.* After a case has been disposed of and the term adjourned, the court can only correct clerical mistakes of its officers, upon notice to the parties, so as to make the record conform to the judgment of the court as shown by the memoranda of the court without the aid of affidavits.

4. APPEALS AND ERRORS—*what sufficient prayer for appeal to entitle review of final judgment upon attachment and upon merits.* Where a judgment upon the attachment issue and upon the merits follow each other in the record in immediate succession, an appeal from the "judgment" of the court is sufficient to raise for review the propriety of both judgments.

5. DAMAGES—*when new trial may be awarded for inadequacy.* At common law new trials were not allowed upon the ground that the damages allowed by the jury in actions for torts were insufficient, but the modern rule is that a new trial may be granted where the verdict is grossly inadequate, for the same reasons as those governing where the verdict is excessive.

Trespass. Appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1908. Reversed and remanded.    Opinion filed August 10, 1908. Rehearing denied October 9, 1908.

**Statement by the Court.** This is an action in trespass brought by Jennie Kilmer, appellant, against Alonzo Parrish, appellee, on August 29, 1906, to recover for personal injuries received August 16, 1906, for money paid out for doctor's bill and in repairing her carriage and for damages to her team. The decla-

ration alleges that the defendant, while intoxicated, drove his carriage with great force against the carriage of plaintiff and inflicted the injuries complained of and that the injury was caused by the negligent, wilful and reckless conduct of the defendant.

After the beginning of this suit, the defendant went to Kansas and claims to have purchased land there; he then advertised his farm for sale at auction for November 20th, and also arranged for the sale of his personal property. In November, the plaintiff filed an affidavit that the defendant was about to fraudulently conceal and dispose of his property so as to hinder or delay his creditors; a writ of attachment was issued in aid of her suit and levied on 100 acres of the farm advertised for sale. The farm was not sold at the time fixed in the advertisement, but on November 25th the defendant mortgaged it for $8,000 and again on January 29, 1907, for $15,000 and on January 17, 1908, he sold it.

In February, 1907, he had a public sale of his personal property, and all that was not sold he afterwards took to Kansas, where he has since resided.

The defendant filed the general issue at the June term, 1907, and on December 20th, at the October term, 1907, filed a plea denying the ground of the attachment. At the January term, 1908, the plaintiff moved for leave to file an amended affidavit alleging additional causes for the attachment. This motion the court overruled but no bill of exception was filed saving this question. Thereafter on a trial before a jury a verdict was rendered by the direction of the court for the defendant on the attachment; on the main issue the jury returned a verdict in favor of the plaintiff, and assessed her damages at one dollar. The plaintiff made a motion for a new trial, which was overruled and judgment rendered on the verdict in favor of the defendant on the attachment, and in favor of the plaintiff on the main issue; from that judgment the plaintiff prosecutes this appeal.

Browne & Wiley and Lester H. Strawn, for appellant.

Butters, Armstrong & Ferguson, for appellee.

Mr. Presiding Justice Thompson delivered the opinion of the court.

It is contended by the plaintiff that the court erred in overruling the motion for leave to amend the attachment in aid made before the trial. The ruling of the court upon that motion can only be presented by a bill of exceptions setting forth the affidavit, the ruling and an exception thereto. Motions and affidavits are not a part of a proper common law record: it is not sufficient that the clerk copy them into the transcript but they must be preserved with an exception to the ruling by a bill of exceptions. McFarland v. Claypool, 128 Ill. 397; 8 Ill. Cyc. Dig. 364.

On the trial at the close of plaintiff's evidence the defendant moved to exclude the evidence in support of the attachment in aid. The plaintiff again moved for leave to amend by adding new grounds for the attachment. This motion was overruled, and is contained in the bill of exceptions, with an exception to the ruling. The court should be liberal in permitting amendments in the interests of justice; after an attachment in aid has been levied, an affidavit may be filed setting up additional grounds for the attachment, even after the trial has begun upon the plea traversing the original affidavit. Keith v. Ray, 231 Ill. 213; Bailey v. Valley National Bank, 127 Ill. 332. We are of the opinion that under the facts proven in this case the court should have permitted the amendment.

In writing up the judgment, the clerk wrote up the judgment for the defendant upon the attachment in one sentence, and the judgment for the plaintiff on the merits in the next sentence. This is followed by the sentence "thereupon the plaintiff having entered her exceptions herein prays an appeal from the judgment of this court to the Appellate Court in and for the

Second District of the state of Illinois, which said
appeal is granted.'' At the succeeding term of the
court plaintiff moved to amend the judgment by chang-
ing ''appeal from the judgment of this court'' to ''ap-
peal from the judgments of this court,'' and filed an
affidavit in support of the motion and produced the
original minutes of the judge. This motion the court
allowed. The defendant took a bill of exceptions from
that order, and has moved this court to strike out the
amendment in the record, wherein the word ''judg-
ments'' was substituted ''judgment.'' After the case
was disposed of and the term adjourned the court could
only correct clerical mistakes of its officers upon notice
to the parties so as to make the record conform to the
judgment of the court as shown by the memoranda of
the court, without the aid of affidavits. Coughran v.
Gucheus, 18 Ill. 390; Gage v. The People, 207 Ill. 377;
1 Black on Judg. 154. The two judgments follow each
other in immediate succession and the plaintiff prays
an appeal from the judgment. We think the prayer
for an appeal raises every question that can properly
be raised upon the record and the bill of exceptions.
The bill of exceptions properly filed shows an excep-
tion to the ruling of the court on the plaintiff's motion
for a new trial, and to the judgment both upon the
attachment and upon the merits. The plaintiff in ap-
pealing appealed from the entire judgment, treating it
as a unit. The amendment is immaterial, and it is
unnecessary to determine whether the amended record
should be stricken out or not.

The evidence shows that the defendant was in Ottawa
on the afternoon of the day the defendant received the
injuries complained of; that he left Ottawa for his
farm eleven miles from Ottawa, where he arrived that
night so intoxicated that in driving from the highway
through his gate he drove against the gate-post, smash-
ing his road wagon and injuring himself; that the plaint-
iff was injured about eight o'clock that evening. Wit-

nesses testify that the defendant drove his team at a reckless speed on the streets of Ottawa and against the buggy of the plaintiff. The plaintiff was injured, it may be not as seriously as she contends. Her carriage was damaged and it required several dollars to repair it. The physicians bill for treating her injuries amounts to $88.50. The defense of the appellee is an alibi. He claims that he left Ottawa an hour or two before the accident occurred.

The jury in finding for the plaintiff in the sum of one dollar, found that defendant was guilty of inflicting the injuries sued for. If the plaintiff was entitled to recover she was entitled to substantial damages. The damages allowed should be equal to the pecuniary loss sustained. There is a fixed measure of damages for the value of physician's services and for the amount of damages to a carriage and team, of which proof was made. At common law new trials were not allowed upon the ground that the damages allowed by the jury in actions for torts were insufficient. But the modern rule is that a new trial may be granted where the verdict is grossly inadequate, for the same reasons as those governing where the verdict is excessive. Paul v. Leyenberger, 17 Ill. App. 167; Hackett v. Pratt, 52 Ill. App. 346; Hamilton v. Pittsburg, C., C. & St. L. Ry., 104 Ill. App. 207; Bourke v. Anglo-American Provision Co., 90 Ill. App. 225; 14 Encyc. of Pl. & Pr. 764, and cases cited. A verdict for a grossly inadequate amount stands on no higher ground on legal principles than a verdict for an excessive or extravagant amount. The defendant is either liable or he is not liable. The jury having found he was guilty of the wrongs alleged, we can conceive of no theory upon which the verdict for one dollar can be sustained. The motion for a new trial should have been allowed, and the verdict set aside because of its absurdity. The judgment both on the attachment and on the merits is reversed and the cause remanded.

*Reversed and remanded.*