## E. L. Scott and W. F. Gaumer, Appellants, v. J. Ogden O'Hair, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Edgar county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 5, 1914.

### Statement of the Case.

Action in assumpsit by E. L. Scott and W. F. Gaumer against J. Ogden O'Hair to recover commissions for services claimed to have been performed by plaintiffs for defendant as real estate agents. The declaration consisted of the common counts, with which plaintiffs filed a bill of particulars: "To commissions in assisting in the exchange of lands of defendant in Edgar county, Illinois, for the lands in the State of Arkansas, and cash $2,500." The jury returned a verdict in favor of plaintiffs for $50, and judgment was entered on the verdict. Plaintiffs not being satisfied with the amount of the verdict, appeal.

W. H. CLINTON an⸱ ⸱ ⸱ ⸱ ;OPP, for appellants.

H. S. TANNER and                    W. KINCAID, for appellee.

MR. PRESIDING J⸱        ⸱OMPSON delivered the opinion of the cour

### Abstr⸱        ⸱ Decision.

1. BROKERS, § 92*—wh⸱        ; of verdict not against weight of the evidence. In an act⸱    ⸱ver commissions for negotiating an exchange of land for ⸱    ⸱ the amount of a verdict in favor of plaintiffs held not so i    ⸱te as to be against the weight of the evidence, where there    ⸱dence tending to show that plaintiffs were acting in the        of other parties and not for the

*See Illinois Notes Digest, ⸱ topic and section number.                    to XV, and Cumulative Quarterly, same

defendant, so that they would not be entitled to commissions, and the jury might have awarded the amount of the verdict on evidence of a promise made by defendant to pay plaintiffs something for the expenses incurred.

2. BROKERS, § 95*—*when instruction supported by the evidence.* In an action to recover commissions for procuring an exchange of defendant's Illinois land for Arkansas land, instructions given for defendant to the effect that if the jury believed plaintiffs were acting as the agents of Arkansas parties in procuring the exchange without disclosing that fact to defendant, the plaintiffs were not entitled to recover, *held* not erroneous for the reason there was no evidence in the record on which to base them, where the preponderance of the evidence tended to show that plaintiffs were endeavoring to sell Arkansas land to defendant and the trade of defendant's land was only an incident to the sale of the Arkansas land.

3. NEW TRIAL, § 58*—*when inadequacy of damages not ground for.* A new trial for inadequacy of damages will not be allowed on the motion of the prevailing party when, in the judgment of the court, the verdict should have been against him.

SCHOLFIELD, J., took no part in the decision of this case.