CORN NOVELTY COMPANY, INC., Respondent, *v.* THE NORWICH UNION FIRE INSURANCE SOCIETY, LIMITED, OF NORWICH, ENGLAND, Appellant.

First Department, January 26, 1917.

Insurance — action on fire insurance policy — defense — fraud — when motion to set aside nominal verdict denied.

Where in an action on a fire insurance policy it appears that the plaintiff fraudulently exaggerated the amount of its loss and supported its claim by fraudulent bills and is not entitled to a recovery, its motion to set aside a verdict for a nominal sum should be denied.

APPEAL by the defendant, The Norwich Union Fire Insurance Society, Limited, of Norwich, England, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on

the 7th day of December, 1915, granting plaintiff's motion to set aside the verdict of a jury and for a new trial.

*Robert J. Fox,* for the appellant.

*Arthur C. Mandel,* for the respondent.

Davis, J.:

The plaintiff recovered a verdict for $100. It thereupon moved to set aside the verdict for inadequacy, and grant a new trial. The court granted the motion on the ground that there was no basis for the verdict and that it was an arbitrary guess. The defendant being satisfied with the verdict and having made no motion on the verdict, appeals from the order setting aside the verdict and granting the new trial.

The action is one of six brought to recover for loss by the same fire on six standard form fire insurance policies.

By stipulation the disposition of the other five actions was made to depend upon the result in this action.

The verdict for $100, therefore, means verdicts for $600 on the whole loss under the six policies.

The plaintiff corporation was a manufacturer of glass domes in the rear of 17 John street, New York city. A fire occurred in these premises in the night time of April 10, 1913. The alleged loss related to glass domes, machinery and dies for making jewelry.

The plaintiff filed its proofs of loss containing the following statement:

|  | Sound Value. | Loss or Damage. | Insurance. |
|---|---|---|---|
| Stock | $4,303 00 | $3,158 24 | $3,150 00 |
| Machinery and Fixtures. | 3,358 50 | 1,896 50 | 2,700 00 |
| Patterns | 2,937 00 | 2,937 00 | 2,650 00 |
| Total Sound Value, total Loss or Damage, and total Insurance | $10,598 50 | $7,991 74 | $8,500 00 |

The defendant's policy is for $1,500; $500 on each of the items of stock, machinery and patterns. The total amount of loss as shown by the schedules, forming part of the proofs of

loss, is $7,436.48, and the proportionate amount of loss claimed against the defendant is $1,309.93.  This claim was further reduced because at the trial the plaintiff offered no evidence whatever as to the stock claimed in its proof of loss to have been totally destroyed, amounting to $1,855.52.  Thus ultimately the claim against all the companies became $5,800 instead of $7,436.48, and against this particular defendant $1,057.98, instead of $1,309.93.

The defendant refused to pay the claim on the ground that it was fraudulent, and in its answer it sets up two defenses: (1) Fraudulent exaggeration of the amount of the loss, and (2) support of the claim by fraudulent bills purporting to represent purchases of patterns, moulds and templates, which under the terms of the policy avoided it.

The evidence clearly shows that fictitious bills were filed by plaintiff with the defendant in support of the plaintiff's claim. These bills, four in number, were given to defendant's accountant by Corn, the president of the plaintiff, and purported to show that plaintiff had purchased from F. W. Zeidler before the fire $1,200 worth of patterns, moulds and templates.  Zeidler took the stand and testified that the bills were fictitious, made after the fire at the request of one Hirsch, and taken away by Hirsch, a stockholder of the plaintiff company, and a friend of its president, Corn.  The president, Corn, denied any knowledge of the falsity of the bills, but such knowledge may fairly be imputed to him from the fact that he verified the proofs of loss and the amounts of these bills are exactly set forth in the proofs of loss, and the bills were used in making up the proofs of loss.  The evidence on this point tends strongly to show that the president, Corn, knew that the proofs were false in this respect.  Hirsch was not called.  It also appears that plaintiff made a claim for loss on stock burned out of sight amounting to $1,855.52.  On the trial this claim was entirely abandoned. This fact is impressive and significant on the question of fraud and points strongly in that direction.  It also appeared that much of the machinery on which a loss was claimed had been through two other fires on January 26, 1912, and April 6, 1912, respectively, in the same building in which this fire occurred, and had then suffered water damage.

With all this evidence bearing upon the fraudulent character of the claim the jury found a verdict in favor of plaintiff for $100, which, as already stated, was set aside on motion of plaintiff for inadequacy.

An insufficient or inadequate verdict implies that the evidence entitles the plaintiff to some verdict and that the jury so determined. Inadequacy of amount coupled with the right to a verdict is what gives the plaintiff a right to have the verdict set aside as insufficient. If the verdict in favor of the plaintiff is practically nominal, as here, and the evidence shows that the verdict should be against the plaintiff and not in its favor, the plaintiff has no right to have the verdict set aside as inadequate.

In the case at bar the trifling amount of the verdict as compared with the amount of the claim, when taken in connection with the clear proof of fraud, indicates that the jury came to the conclusion that plaintiff's proofs of claim were false and fraudulent, and that plaintiff was not entitled to recover anything. By this verdict plaintiff has received more than it is entitled to under the evidence. There should have been a verdict in favor of defendant. Therefore, I think, plaintiff ought not to be heard to complain, and that it was error to grant the motion to set aside the verdict. In the case of *Batt & Co., Ltd., v. Earle* (164 App. Div. 228) the court, on motion of plaintiff, set aside a verdict for $100 in favor of plaintiff on the ground of insufficiency. On appeal to this court the order was reversed and judgment directed for the plaintiff, thus reinstating the verdict. Mr. Justice Scott, writing for the court, said: "No damages being legally recoverable, it follows that even the small sum awarded as damages to plaintiff cannot be said to be inadequate." (See, also, *Masor* v. *Jacobus,* 84 N. Y. Supp. 589.)

In *Fulmele* v. *Forrest* (4 Boyce [Del.], 155, 162; 86 Atl. Rep. 733, 736) Boyce, J., said: "If upon a careful consideration of all the evidence it does not appear that the plaintiff is entitled to have a recovery for substantial damages, * * * the court should not set the verdict aside, but rather treat an award of nominal damages for the plaintiff in the nature of a verdict for the defendant."

The order setting aside the verdict should be reversed, with costs, and the motion denied, and the verdict reinstated.

CLARKE, P. J., McLAUGHLIN, SCOTT and PAGE, JJ., concurred.

Order reversed, with costs, motion denied and verdict reinstated.