**Henry J. Rausch, Jr., by H. J. Rausch, Appellant, v. Frank Bartell, Appellee.**

### Gen. No. 7,802.

DAMAGES—*verdict for nominal damages on conflicting evidence as reversible error.* In an action for damages for injuries sustained by a boy when he was struck by defendant's automobile and severely

Rausch v. Bartell, 237 Ill. App. 230.

injured in different parts of his body, especially in and about his left leg and kneecap, where the evidence was merely conflicting as to plaintiff's right to recover so that the jury were called upon to determine the question of liability, a judgment for plaintiff for one cent was reversible on the ground of inadequacy of damages.

Appeal by plaintiff from the Circuit Court of Champaign county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded. Opinion filed March 6, 1925.

DOBBINS & DOBBINS, for appellant.

LOUIS A. BUSCH and EARL C. HARRINGTON, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

Henry J. Rausch, Jr., a boy of the age of twelve years, by H. J. Rausch, his next friend, brought this action in the circuit court of Champaign county against the appellee, Frank Bartell, to recover damages for injuries suffered by him on account of alleged negligence on the part of the appellee in the management and operation of an automobile on a public highway near Gifford in Champaign county, in consequence of which the appellee's car ran over him.

The declaration alleges general negligence in the management of the automobile which caused the injuries. There was a trial by jury which resulted in a verdict finding the appellee guilty and assessing his damages at one cent. Appellant made a motion for a new trial, which was denied, and judgment was rendered on the verdict. This appeal is prosecuted from the judgment. The principal ground argued for reversal of the judgment is inadequacy of the damages awarded. The evidence in the record discloses the fact that the appellant was severely and painfully injured in different parts of the body, especially in and about his left leg and kneecap, and the injuries which

he sustained entitled him to substantial damages, if the appellant had a right to recover damages. It is true, as contended by the appellee, that a new trial for inadequacy of damages should not be allowed when, in the judgment of the court, the verdict should have been against the prevailing party. *Scott v. O'Hair,* 188 Ill. App. 26. But that rule does not apply to the present case. An examination of the evidence clearly establishes that the evidence pertaining to the appellant's right to recover is merely conflicting, and a situation is presented where a jury is called upon to determine the right of recovery, by adjudging the credibility of the witnesses testifying concerning that feature of the case. Having found the appellee guilty, under those circumstances this court must necessarily conclude that the jury considered the testimony of the witnesses for appellant as being entitled to greater credence than those for the appellee, and therefore found the appellee guilty. It is well settled that in such a state of the record inadequacy of the damages awarded is proper grounds for reversal of the judgment. *Paul v. Leyenberger,* 17 Ill. App. 167; *Hanson v. Urbana & C. El. St. Ry. Co.,* 75 Ill. App. 474; *Eads v. Moran,* 211 Ill. App. 645; *Kilmer v. Parrish,* 144 Ill. App. 270.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*