VITO DEL PONTE, p. a. *vs.* GAETANO GIANNESSI.
MICHAEL DEL PONTE, *vs.* SAME.

MAY 7, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

BARROWS, J. In these cases plaintiff Vito, a minor, recovered $175 for injuries and his father $285 for expenses incurred as a result of defendant's alleged negligent operation of an automobile. Plaintiff Vito's award of damages admittedly was insufficient compensation for his injuries and plaintiff Michael's was less than the actual expenditures shown by the testimony. Defendant did not file a motion for a new trial.

Each plaintiff filed a motion for a new trial alleging inadequacy of damages and asked that the new trial be restricted to the question of damages. At the hearing thereon the trial justice declined to hear arguments as to whether the testimony warranted a finding of liability, the court saying that the awards were "indefensible" in any event; that each verdict was a compromise "of the most glaring character", insufficient if plaintiffs were entitled to recover anything, unjust if defendant was not liable. Unrestricted new trials were granted. *Sayegh* v. *Davis*, 46 R. I. 375.

Defendant excepted because of alleged error of law in granting new trials without in any way indicating its attitude toward the finding that defendant was liable. We think the court erred in disregarding the question of liability. The new trials were asked solely because of alleged in-

adequacy of damages. They were ordered because of erroneous assessments of damages irrespective of inadequacy. With the damages assessed defendant found no fault. He was content to be found liable so long as damages were limited to the amounts of the verdicts.

The court acted upon motions complaining of error prejudicial to plaintiffs. The court was not, and by plaintiffs might not be, asked to review error prejudicial to defendant. Its duty was not to remedy uncomplained of wrong solely to defendant and unasked to direct new trials to redress it. The court pointed out that liability and the damages awarded were inconsistent. Inconsistency alone would not warrant granting *plaintiffs'* motions for a new trial, *Lovett* v. *Chicago,* 35 Ill. App. 570; to do so it must have been harmful to plaintiffs. A plaintiff who has recovered a verdict and seeks to set it aside for inadequacy must satisfy the reviewing court both that he is entitled to a verdict and that the damages are less than a fair interpretation of the evidence demands. *Corn Novelty Co., Inc.* v. *Norwich Fire Ins. Soc.,* 176 App. Div. 261.

On a plaintiff's motion, based upon inadequacy of damages, defendant may properly argue that the evidence fails to show any liability of defendant, *Maki* v. *St. Lukes Hospital,* 122 Minn. 444, because without liability established an award of damages to plaintiff, however small, can not be inadequate. *O'Malley* v. *Chicago City Ry. Co.,* 30 App. Ct. Rps. Ill. 309.

The authorities are numerous that a verdict for plaintiff ought not to be set aside as inadequate unless the reviewing court believes that liability may be treated as established. *Olek* v. *Fern Rock Woolen Mills,* 180 Fed. C. C. Pa. 117; *Reading* v. *Tex. Pac. Ry. Co.,* 4 Fed. C. C. Pa. 134; *Garnes* v. *Halpern,* 193 Cal. 193; *Copeland* v. *Junkin,* 198 Iowa 530; *Maki* v. *St. Lukes Hospital, supra*; *Lovett* v. *Chicago, supra*; *O'Malley* v. *Chicago City Ry. Co., supra*; *Sullivan* v. *Wilson,* 283 S. W. (Kan.) 743; *Reeve* v. *Wilkesbarre &c.* 9 Kulp. 182; *Spannuth* v. *Cleveland,* 196 Ind. 379; *Snyder* v.

*Portland Ry.*, 107 Ore. 673; *Gilchrist* v. *Satterwhite*, 7 Tenn. Civ. App. 321; *Adams* v. *Anderson and Middleton L. Co.*, 124 Wash. 356; *Hubbard* v. *Mason City*, 64 Iowa 245; *Scott* v. *O'Hair*, 188 Ill. App. 26; 20 R. C. L. 285, § 67; 46 C. J. pp. 210, 410.

Under our present practice involving the duty of the Superior Court on a motion for a new trial to indicate its approval or disapproval of a verdict, the court ought not to grant a new trial without regard to what the evidence shows as to liability. If the court does so it only partially performs its duty. With the statement concerning establishment of liability, because of defendant's failure to file a motion for new trial, in *Hill* v. *Union Ry. Co.*, 25 R. I. 565, we are unable to agree. Examination of briefs filed in that case shows that the argument here made and held sound was there made but without citation of the cases above set down. It is clear, however, that the Hill case is not authority that a plaintiff in whose favor an inadequate award of damages is said to have been made is entitled to a new trial irrespective of any liability on defendant's part. Before the Superior Court was warranted in granting new trials to plaintiffs, its approval of the findings of liability was necessary.

Defendant's exception to the action of the trial court in each case is sustained, but defendant is not entitled to have judgments entered on the verdicts as rendered. The trial court should pass upon the inadequacy of damages only if the jury's finding of liability meets with its approval.

The cases are remitted to the Superior Court for further proceedings with direction to pass upon each plaintiff's motion for new trial in accordance with the views here expressed and to deny same unless the court approves of the finding that defendant was liable.

SWEENEY, J., dissenting. I am obliged to dissent from the foregoing opinion because I am convinced that the trial justice performed his full duty when he decided the motion for a new trial upon the only ground stated therein.

Our statute, § 5120, G. L., 1923, provides that a person entitled to except in a case tried by a jury may file a motion for a new trial for any reason for which a new trial is usually granted at common law, other than error of law occurring at the trial. "Such motion shall state the grounds relied upon in its support." The jury found defendant guilty in manner and form as each plaintiff had declared against him and assessed damages for each plaintiff in a certain sum. Each plaintiff then duly filed a motion for a new trial on the sole ground that damages awarded were inadequate and prayed for a new trial on the question of damages alone.

In granting the motions the trial justice wrote: "The question of liability need not be discussed for the damages awarded cannot be supported in either case." To this decision defendant filed a bill of exceptions alleging four grounds: First, that the verdict was against the law; second, that the verdict was against the evidence. These grounds cannot be considered as defendant filed no motion for a new trial. *Labonte* v. *Alvernaz*, 47 R. I. 226; *Bliss* v. *Brucker*, 149 A. 595.

The third ground for exception alleged that the decision granting plaintiff's motion for a new trial was against the law and the fourth ground alleged that said decision was against the evidence. On these grounds defendant claims that the trial justice erred in not considering the question whether the verdicts were against the weight of the evidence on the question of liability when deciding the motions for new trials on the ground of inadequate damages.

Plaintiffs, having received favorable verdicts, filed their motions for new trials on the only grounds open to them, namely, inadequate damages. The right of the plaintiffs to allege this ground as sole reason for a new trial was settled in *Clark* v. *N. Y., N. H. & H. R. R. Co.*, 33 R. I. 83. After this opinion was filed the trial justice granted plaintiffs' motions on all issues excepting the issue of the validity of a release, and this court overruled defendant's exception to the decision of the trial justice. *Clark* v. *N. Y., N. H. & H. R. R. Co.* 35

R. I. 479. The trial justice did not consider the question of liability when passing upon the ground of inadequate damages.

In *Hill* v. *Union Railway Company*. 25 R. I. 565, on petition of plaintiff for a new trial on the ground of inadequate damages for personal injuries, it was expressly held that the question whether the general verdict was against the evidence was not before the court because the jury had found that defendant was guilty of negligence as charged in the declaration and defendant had not petitioned for a new trial on the ground that the verdict was against the evidence and that plaintiff could not base her petition upon that ground. The court said: "Whether the plaintiff was entitled to recover at all, we are not called upon, nor is it now within our province, to determine. That question, in so far as it has to do with the present status of the case, is finally settled by the verdict of the jury." The court granted plaintiff's petition for a new trial on the ground that the damages awarded were clearly inadequate. This case is cited in *Ocana* v. *Ray Consol. Copper Co.* 194 P. (Ariz.) 959 as being in a long line of decisions upholding the conclusion of the court granting plaintiff a new trial on the ground of inadequate damages. In *McGowan* v. *Interstate Consolidated St. Ry. Co.*, 20 R. I. 264; *McNeil* v. *Lyons*, 20 R. I. 672; *Hackett* v. *Shaw*, 24 R. I. 29, the court did not consider the question of defendant's liability when determining plaintiff's petition for a new trial on the ground of inadequate damages. In *Labonte* v. *Alvernaz, supra*, it was held that on exception to the denial of a motion for a new trial this court would decide only the questions presented in the bill of exceptions and that, as the ground of newly discovered evidence was not alleged in the motion for a new trial, it could not be considered by the justice of the Superior Court when deciding the motion nor by this court as it was not stated in the bill of exceptions.

In Massachusetts the requirement of the statute is that the motion for a new trial "shall state the reasons relied upon in its support" the same as our statute, if we substitute the word "grounds" for the word "reasons". In *Peirson Trustee, et al* v. *Boston El. Ry. Co.*, 191 Mass. 223, the court said: "the plain meaning of the statute is that the reasons so stated are the ones which the court is to consider, and upon which its decision to grant or to refuse a new trial is to be based." See also *Edwards* v. *Willey*, 218 Mass. 363.

As I have shown that under our statute and decisions plaintiffs have a right to rely upon the sole ground of inadequate damages in support of their motions for new trials, it follows that the motion must be decided by the trial justice upon the only ground "relied upon in its support." If the trial justice is to be required to decide the motion on grounds not stated therein, he should consider not only the ground of defendant's liability but also the ground that the verdict is against the law and, upon defendant's request the ground of evidence newly discovered,—the usual grounds stated in a defendant's motion for a new trial.

Defendant found no fault with the damages awarded by the verdicts. I agree that the duty of the trial justice "was not to remedy uncomplained of wrong solely to defendant and unasked to direct new trials to redress it." The duty of the trial justice when deciding a motion for a new trial was pointed out in *Calderone* v. *Calderone, Ex.*, 48 R. I. 163, 164, when we said: "questions as to whether the parties are better off without a new trial or whether the expense of litigation will eat up a disproportionate share of the estate or whether a second erroneous verdict will probably be reached are not for the trial court to decide. . . . Under our system of submitting to the jury disputed statements of fact or legitimate inferences therefrom, subject to the supervisory power of the trial justice, if in the opinion of the latter the jury errs, the action that the court should take after a verdict contrary to the weight

of the evidence is to submit the case to another jury." Therefore, it was the clear duty of the trial justice to grant plaintiff's motions for new trials on the ground of inadequate damages.

In the cases at bar it is not denied that the damages awarded plaintiffs were grossly inadequate. In his rescript the trial justice said: "These are compromise verdicts of the most glaring character." The context shows that he meant compromise on the question of liability. In granting a new trial generally the trial justice followed our decision in *Sayegh* v. *Davis*, 46 R. I. 375, wherein we said: "a new trial should never be ordered on the question of damages alone when there is ground for a strong suspicion that the jury awarded the inadequate damages as a result of a compromise involving the question of liability. . . . We think that the verdict in the case before us resulted from such a compromise." Defendant's exception to the granting of a new trial on the question of damages alone was sustained and the case was remitted to the Superior Court for a new trial on all of the issues.

The trial justice has given two valid grounds for granting plaintiff's motions for new trials, namely, inadequate damages and a compromise verdict. The cases should not be returned him to consider other grounds not stated in the motions. No abuse of discretion has been shown in granting the motions for new trials.

For the reasons above stated, I am of the opinion that the defendant's second and third exceptions to the decision of the trial justice, granting plaintiff's motions for new trials, was against the law and the evidence, should be overruled.

*Pettine, Godfrey & Cambio*, for plaintiffs.
*Henshaw, Lindemuth & Baker*, for defendant.