HENSCHEN *v.* NEW YORK CENTRAL RAILROAD COMPANY.

[No. 28,087. Filed May 1, 1945. Rehearing Denied May 22, 1945.]

*Herman L. Ridenour* and *Robert F. Biehl,* both of Indianapolis, for appellant.

*Paul N. Rowe, William W. Seagle, Baker & Daniels, Jack C. Brown,* and *James C. Courtney,* all of Indianapolis, for appellee.

STARR, J.—This is an action by the appellant, as administratrix, for damages alleged to have been sustained by reason of the death of her husband, who was killed as the result of alleged negligence of the appellee when a motor truck in which he was a passenger was struck by one of appellee's trains at a highway crossing east

of the corporate limits of the city of Indianapolis. The jury awarded appellant $1,000 damages, from which award she prosecutes this appeal.

The only error assigned is the overruling of appellant's motion for a new trial, wherein she urges as grounds for reversal that: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) the verdict of the jury is substantially less than the facts and evidence show her actual pecuniary loss to have been; (4) the verdict of the jury awarded plaintiff insufficient damages; and (5) the verdict of the jury is not sustained by sufficient evidence, and is contrary to law, in that plaintiff in this cause was entitled to recover by her complaint, and did so recover, but the verdict of the jury awarded plaintiff substantially less recovery than the facts and evidence warranted, and substantially less damages than the evidence established her actual pecuniary loss to be.

The only question attempted to be raised by appellant in her brief is that the damages are inadequate; that if she was entitled to recover any sum she was entitled to recover a sum much larger than the amount awarded her by the jury. Appellant insists that each of the separate assignments in her motion for new trial properly raises this question. With this we can not agree. This court has determined that under assignments 1, 2, and 5, no question can be raised as to the amount of damages. *Thompson* v. *Town of Fort Branch* (1931), 204 Ind. 152, 178 N. E. 440. That appellant attempts to specify, in her fifth assignment in said motion for new trial, the particulars in which the verdict is not sustained by sufficient evidence, and is contrary to law, does not change the fact that this assignment is still a reiteration of assignments 1 and 2,

in the conjunctive. It is true that in a few cases our Appellate Court has recognized the second assignment above set out as being sufficient to present the question as to the amount of damages. See *Klenke, Admx.* v. *New York, etc., R. Co.* (1925), 83 Ind. App. 478, 149 N. E. 103. This court at one time also considered the second assignment as being sufficient to present the question as to the amount of damages. *Spannuth* v. *Cleveland, etc., R. Co.* (1925), 196 Ind. 379, 148 N. E. 410. This rule, however, has been definitely repudiated, as above indicated.

Appellant's assignment 3 and 4 in her motion for new trial can only be an attempt to state grounds therefor under § 2-2406, Burns' 1933 (Supp.). This section of the statute reads as follows:

"Inadequate damages—Ground for new trial.—Where a party is entitled to recover by his complaint, and he does so recover, but is awarded substantially less recovery than the facts in evidence show his actual pecuniary loss to be, such erroneous award shall constitute ground for a new trial at the instance of the aggrieved party."

While the reason for a new trial need not be stated in the language of the statute, merely stating that the verdict awarded insufficient damages, as does assignment number 4, is not the same as saying that the verdict is substantially less than the facts in evidence show her actual pecuniary loss to be. Of these two assignments, only number 3 reasonably apprises the court and the opposite party of the ground on which the new trial is asked, and said assignment number 3 is, therefore, sufficient. *Heekin Can Co.* v. *Porter* (1943), 221 Ind. 69, 46 N. E. (2d) 486.

Appellee insists that said § 2-2406, Burns' 1933 (Supp.), does not make alleged insufficiency of the recov-

ery awarded by the verdict of the jury ground for a new trial in an action such as this, namely, one brought under the wrongful death statute, § 2-404, Burns' 1933 (Supp.).

Although this statute is peculiarly worded we are not inclined to attribute to the phrase "actual pecuniary loss," as used therein, the narrow and restricted meaning as has been placed upon the similar phrase "actual pecuniary injury" by the courts of Kentucky. There, in construing this phrase, the court decided that the word "injury" is synonymous with the word "loss," and the phrase "actual pecuniary injury" means only damages that can be actually and definitely measured in money. See *Drury* v. *Frank* (1933), 247 Ky. 758, 57 S. W. (2d) 969; also, *Owings, Adm.* v. *Gradison Const. Co.* (1931), 241 Ky. 5, 54 S. W. (2d) 327. Rather, we believe the legislature, in using the phrase "actual pecuniary loss," intended to include damages which are recoverable in an action for wrongful death. Recovery for actual pecuniary loss is really what is sought in such an action. As was said by Judge Gillett in *Consolidated Stone Co.* v. *Staggs* (1905), 164 Ind. 331, 337, 73 N. E. 695, 697, in referring to the measure of damages for wrongful death:

> "Under a statute like ours, which gives a new right of action, distinct from that which the deceased might have maintained, the measure of damages is compensation for the pecuniary loss sustained by the party or parties entitled to the benefit of the action. 'The sole inquiry is how many dollars are necessary to compensate the beneficiaries for the pecuniary loss caused to them by the wrongful death.' . . . The damages are not to be estimated at the value of the life lost, but at such a sum as will compensate the persons on whose behalf the action is brought for the pecuniary injury which they have sustained by the death."

By this § 2-2406 of the statute it was intended to provide grounds for a new trial in all other tort actions where the award of damages is inadequate, just as such ground was already provided in tort actions for injury to or detention of property by the fifth cause for a new trial in said § 2-2401, Burns' 1933. So construed, this section repeals, by implication, the first portion of § 2-2402, Burns' 1933, which provides that a new trial shall not be granted on account of the smallness of the damages in actions for an injury to the person or reputation.

In order to determine whether this verdict is inadequate we must apply the same rules as would be applied if it were being challenged as excessive under the fourth cause for a new trial as set out in § 2-2401. This is also the modern rule at common law. *Kilmer* v. *Parrish* (1908), 144 Ill. App. 270; *Benton* v. *Collins* (1899), 125 N. C. 83; 47 L. R. A. 33, Note.

Aside from cases where damages are a mere matter of computation this court will reverse a cause for excessive damages only where, after examining the evience concerning the injuries, it is apparent that the amount of damages assessed by the jury is so large as to indicate that the jury in assessing the amount was motivated by prejudice, passion, partiality or corruption, or considered some improper element. *Jones* v. *Cary* (1941), 219 Ind. 268, 287, 37 N. E. (2d) 944; *Citizens Tel. Co.* v. *Prickett* (1919), 189 Ind. 141, 125 N. E. 193. This is the rule, therefore, that must guide us in determining whether the damages awarded in this case are inadequate. To adopt any other rule which would allow us to examine and weigh the evidence would be an invasion of the province of the jury.

In the case at bar, the record discloses that the de-

ceased was, at the time of his death, 34 years of age, with a life expectancy of 31.58 years; that he was strong and in good health, and was steadily employed; that his wage was, and had been for about a year, $25 per week; that he left surviving him a widow, the appellant herein, and three minor children, and that a fourth child was born after his death; that he gave practically all of his earnings to his wife for the support of his family. This was all of the evidence bearing on plaintiff's damages.

In a case of this kind the extent of the compensation is largely a jury question and does not admit of fixed rules and mathematical precision. As was said in *Consolidated Stone Co.* v. *Staggs, supra:*

"Although a mist seems to hang over the cases when a concrete application of a rule of damages is sought, yet this uncertainty exists because the extent of the compensation is so largely a jury question. It was said in *Railroad* v. *Spence* (1893), 93 Tenn. 173, 189, 23 S. W. 211, 42 Am. St. 907: 'The assessment of damages in actions of this character does not admit of fixed rules and mathematical precision, but is a matter left to the sound discretion of the jury. The courts refuse to lay down any cast-iron rules or mathematical formula by which such damages are to be ciphered out by juries.' It is proper to direct the minds of the jury to the various pertinent facts which the evidence may show as circumstances which may be considered in determining the question of compensation; but to suggest a method of computation could scarcely be competent in any case, and to instruct that such a method should be pursued would be an invasion of the province of that body. The jury should be confined to compensation for pecuniary loss, but, within the range of the evidence which may justly be said to bear on that subject, the question of damages is essentially a question of fact."

Again, in the case of *Lane, Admr.* v. *United Electric Light & Water Co.* (1915), 90 Conn. 35, 96 A. 155, L. R.

A. 1916C, 808, which was an action for wrongful death, the law is well stated when the court says:

"The only evidence presented upon which a claim of loss is predicated is that indicating a loss of earning capacity by reason of life becoming prematurely extinct. The injury is thus one for the measure of which no money standard is or can be applicable, and the elements to be considered lie largely in the realm of uncertainty. . . . What the intestate's length of days would have been but for the mishap which befell him, or what his state of health or earning ability, cannot be known. Therefore the problem of estimating damages for the loss of his life with any exactness is, as in every such case, and many another where damages are sought, one beset with insurmountable difficulties. The law, nevertheless, undertakes to do justice as best it can, although of necessity crudely. The solution of the problem is left to the trier's good judgment.

"Such problems are peculiarly appropriate for a jury's deliberation, in which twelve individual judgments are set to the task of estimation, and the verdict is a composite of the views of the twelve. The fairness of the resultant award cannot well be subjected to any recognized test, or measured by any certain standard. It may be so palpably inadequate or excessive as to indicate that it was influenced by improper considerations, and in such case should be set aside; and, if those indications are too plain to be mistaken, the appellate court should not hesitate to remedy the trial court's failure to do its duty. But, where the matter is submitted to a jury of twelve men to exercise their combined judgment, wide latitude must be accorded to them, and their verdict should not be disturbed for difference in judgment, even if considerable.

"The award in this case is a small one. Reasons for a larger one can easily be found. Nevertheless it represents the judgment of the jury to whom its determination is by law intrusted, and the trial court has approved of it as one which reasonably might have been reached. We are therefore not

"prepared to say, in view of the uncertainties attending the subject and the absence of a definite standard of measurement, that the verdict is so inadequate that the trial court erred in not setting it aside."

For a general discussion of what rules should guide the courts on appeal in determining excessiveness or adequacy of verdicts in actions for wrongful death see L. R. A. 1916C, 810 (note).

There is evidence in the record tending to show that plaintiff's decedent was not guilty of negligence which proximately contributed to his death. Likewise, there is evidence from which the jury could have reasonably found that the deceased was guilty of negligence in going upon appellee's crossing at the time and in the manner in which he did, and that this negligence proximately contributed to cause his death. There are cases where uncertainty as to whether or not the plaintiff might not be equally to blame has been made a subject of consideration as going to sustain the verdict when being attacked for inadequacy. *Klenke* v. *New York, etc., R. Co., supra; Spannuth* v. *Cleveland, etc., R. Co., supra.*

Due to the great leeway given the jury, and to absence of any definite standards of measurement in cases of this kind, as we have above indicated, we are not prepared to say that the verdict is so inadequate that the trial court erred in not setting it aside.

Judgment affirmed.

Note.—Reported in 61 N. E. (2d) 738.