SCHUTZ v. ROSE.

[No. 19,642. Filed February 19, 1964. Rehearing denied March 25, 1964. Transfer denied June 1, 1964.]

*Fred M. Stults, Jr., Daniel C. Kuzman,* and *Stults, Custer & Draper,* of counsel, of Gary, for appellant.

*P. L. O'Brien, O'Brien & O'Brien,* of Hammond, and *Spangler, Jennings, Spangler & Daugherty,* of Gary, for appellee.

HUNTER, P. J.—This is an action originally instituted in Lake Circuit Court by the appellant (plaintiff below) which was venued to the Jasper Circuit Court, where the trial was presided over by the Hon. Fred A. Egan, who was named, and qualified as special judge.

The plaintiff (appellant herein) brought an action in two paragraphs for property damages and personal injury resulting from an auto collision between the appellant and Robert Rose, the appellee. At the conclusion of the trial, the jury returned a verdict for the appellant, in the following language:

> "We, the Jury, find for the plaintiff as against the defendant and fix the amount of his damages upon Paragraph I of this complaint for property damage at $500.00, and fix the amount of his damages upon Paragraph II of his complaint for personal injuries at $ *none*."

The trial court entered a verdict consistent with the finding of the jury. By this appeal two questions are presented to this court:

(1) The trial court erred in overruling the appellant's motion for new trial;

(2) The trial court erred in overruling the appellant's motion for a new trial upon the second paragraph of his complaint for personal injuries.

The questions presented by the assignments of error will be considered in the order of importance.

The appellant contends that the trial court erred in failing to sustain the motion for new trial inasmuch as there is a specific statutory ground which would require such a ruling. Burns' §2-2406, 1946 Replacement, Acts 1937, ch. 68, §2, p. 333, which is relied upon by the appellant as requiring the granting of a new trial, states:

> "Where a party is entitled to recover by his complaint, and he does so recover, but is awarded substantially less recovery than the facts in evidence show his actual pecuniary loss to be, such erroneous award shall constitute ground for a new trial at the instance of the aggrieved party."

The appellant, during the trial, introduced testimony concerning the amount of money expended on medical treatment, and further introduced expert medical testimony regarding the extent of his (appellant's) physical injuries. The transcript of the record, and the briefs filed by the parties to this appeal, set out the medical testimony which the appellant is relying upon as proving his right to recover damages. It is the appellant's contention that the medical testimony conclusively proves that personal injuries were sustained as a result of the automobile accident, which would entitle the appellant to damages if the defendant appellee was found by the jury to be liable for the damages because of his negligence. The record shows that the jury did, in fact, determine that the appellee was liable for damages, but the liability imposed upon the defendant appellee by the jury was not all-inclusive. The verdict rendered by the jury indicates that there was a general finding of negligence upon the part of the defendant, but the jury further determined that the plaintiff was not entitled to damages for personal injuries.

Burns' §2-2406, *supra,* has been construed in the case of *Henschen* v. *New York Cent. R. Co.* (1945), 223 Ind. 393, 60 N. E. 2d 738, which is the only case the appellant has cited in support of his appeal on the issue of inadequate damages. The Henschen case, *supra,* relies to a great extent upon the case of *Consolidated Stone Co.* v. *Staggs* (1905), 164 Ind. 331, 73 N. E. 695, to support the conclusion which the court reached. The Consolidated case, *supra,* has stated the general rule regarding the issue of damages, and this rule is pertinent to the case at bar:

"The jury should be confined to compensation for pecuniary loss, but, within the range of the

evidence which may justly be said to bear on that subject, the question of damages is essentially a question of fact. *City of Delphi* v. *Lowery* (1881), 74 Ind. 520, 39 Am. Rep. 98; *Louisville, etc., R. Co.* v. *Buck* (1889), 116 Ind. 566, 2 L. R. A. 520, 9 Am. St. 883; *Pittsburgh, etc., R. Co.* v. *Burton* (1894), 139 Ind. 357."

It is apparent that the courts have carefully protected the province of the jury in the area of the award of damages in a civil action. As stated in the case of *City of Delphi* v. *Lowery, supra*:

"When the facts proper for consideration are submitted by the court, the question of the amount of damages is one for the sound judgment of the jury."

Further, in the Henschen case, *supra,* at p. 399, our Supreme Court has stated a general rule which is uniquely applicable to the case at bar.

"By this §2-2406 of the statute it was intended to provide grounds for a new trial in all other tort actions where the award of damages is inadequate, just as such ground was already provided in tort actions for injury to or detention of property by the fifth cause for a new trial in said §2-2401, Burns' 1933. So construed, this section repeals, by implication, the first portion of §2-2402, Burns' 1933, which provides that a new trial shall not be granted on account of the smallness of the damages in actions for an injury to the person or reputation.

In order to determine whether this verdict is inadequate we must apply the same rules as would be applied if it were being challenged as excessive under the fourth cause for a new trial as set out in § 2-2401. This is also the modern rule at common law. *Kilmer* v. *Parrish* (1908), 144 Ill. App. 270; *Benton* v. *Collins* (1899), 125 N. C. 83; 47 L. R. A. 33, Note.

Aside from cases where damages are a mere matter of computation this court will reverse a cause for excessive damages only where, after examining the evidence concerning the injuries, it is apparent that the amount of damages assessed by the jury is so large as to indicate that the jury in assessing the amount was motivated by prejudice, passion, partiality or corruption, or considered some improper element. *Jones* v. *Cary* (1941), 219 Ind. 268, 287, 37 N. E. 2d 944; *Citizens Tel. Co.* v. *Prickett* (1919), 189 Ind. 141, 125 N. E. 193. This is the rule, therefore, that must guide us in determining whether the damages awarded in this case are inadequate. To adopt any other rule which would allow us to examine and weigh the evidence would be an invasion of the province of the jury."

Upon close scrutiny of the record, and the brief filed by the appellant, this court is unable to find evidence of such prejudice, passion, partiality or corruption of the jury which would justify this court in invading the province of the jury by reconsidering the award of damages which the jury made. In addition, the award does not seem to be contrary to the evidence presented, inasmuch as medical testimony was admitted by which the jury could reasonably infer that the injuries complained of by the plaintiff appellant were not sustained in the collision, but were merely developments associated with old age or a prior occurrence, etc. These statements are as follows:

"1. Cross-examination of Doctor William Mirsh, a witness on behalf of the plaintiff, by Mr. P. L. O'Brien:

Q. You sent Mr. Schutz to Dr. Lipske for X-rays?

A. Yes.

Q. To diagnose whatever ailments Mr. Schutz had, based on his complaints?

A. Yes.

Q. And you did rely on the report of Dr. Lipske in making your report and analysis?

A. Yes.

Q. All right, and Dr. Lipske found—

Mr. Stults: Object to that

The Court: Objection sustained.

Q. *The X-rays showed there was no traumatic pathology, is that not correct, Doctor?*

A. *Yes.*

(Tr. p. 23-A, l. 22—Tr. p. 24-A, l. 5)

. . .

Q. As you analyzed this particular case and patient, *did the stomach condition have anything to do with the accident?*

A. *It is possible.*

Q. It also might not be possible?

A. *That would be hard to prove or disprove.*

(Tr. p. 25-A, ll. 12-16.)

. . .

Q. *Did you find anything objective, really?*

A. *No, I can't say I found anything objective, that I could say was definite.*

(Tr. p. 26-A, ll. 15-17).

2. Direct examination of Doctor Richard Mason, a witness on behalf of the defendant, by Mr. P. L. O'Brien:

Q. Now, Doctor, you have made some examinations of the plaintiff here, Mr. George Schutz, this gentleman sitting to my right?

A. Yes, sir.

Q. Now, when was the first examination you made of Mr. Schutz?

A. I believe it was in 1957, the latter part of the year.

Q. To refresh your memory, your report shows, of which the plaintiff has a copy, February 19, 1957.

A. Yes, sir.

Q. And you took X-rays of him?

A. Yes sir.

Q. And what parts of the body did you X-ray?

A. We X-rayed his neck and his left shoulder, I am not sure whether we X-rayed his right shoulder or not, and then we X-rayed his back.

Q. And you made a clinical examination of Mr. Schutz, also?

A. Yes.

Q. Objectively, what did you find?

A. The only objective finding was a narrowing between the vertebrae in his neck, I believe it was between the fifth and sixth cervical vertebrae, and in the lower part of his back he had a slight degree of narrowing between the vertebral bodies.

Q. *Now, Mr. Schutz is a man sixty-six years of age, would that condition be compatible with a man attaining that age?*

A. *Yes sir.*

Q. It is also possible it could result from trauma—

Mr. Stults: Object—maybe Mr. O'Brien would like to testify, why don't you let the Doctor testify instead of you putting words in his mouth?

The Court: Lets proceed.

A. Yes, it is possible.

(Tr. p. 177-A, l. 26—Tr. p. 178-A, l. 25).

3. Cross-examination of Doctor Richard Mason, a witness on behalf of the defendant, by Mr. F. M. Stults, Jr.

Q. . . . , would you tell me, based on your original examination, as to what you concluded as to whether or not some of the pain in the neck area of which Mr. Schutz complained was in your opinion due to a pinched nerve?

A. Yes, it was my opinion that at least some of the pain was due to a pinched nerve.

Q. Could a pinched nerve have been caused as a result of this automobile accident?

A. Yes.

(Tr. p. 184-A, ll. 16-25).

4. Re-direct examination of Doctor Richard Mason, a witness on behalf of the defendant, by Mr. P. L. O'Brien:

Q. *With respect to this presumed pinched nerve, I should like to ask you, Doctor, could this be a result of age and physical deterioration?*

A. *Yes, sir.*

Q. *And it could also be due to some prior occurrence, maybe a prior accident, a strain to it, brought on by lifting, or various other things?*

A. *Yes sir."*

(Tr. p. 187-A, ll. 3-10.)   (Our emphasis)

Inasmuch as the evidence shows that the jury could have justifiably decided the award of damages in the manner in which they did, this court is of the opinion that the decision of the jury should not be disturbed on appeal as to the verdict on the second paragraph of complaint.

The appellant has alleged as a second basis for reversal of the trial court's determination that an improper instruction was given to the jury by the trial judge. However, this court is of the opinion that the contention is without merit. The instruction in question was concerned with an interpretation of the Emergency Vehicle Statute of the State of Indiana, found in Burns' 47-1802, Acts 1939, ch. 48, §2, p. 289, 290, and Burns' 47-2229 (d), Acts 1955, ch. 170, §35, pp. 416-433. The purpose of the plaintiff appellant in requesting the challenged instruction was to show that the defendant appellee did not properly comply with the Emergency Vehicle Statute, and was therefore liable for the negligent act. Erroneous instructions, if the challenged instruction in this case was in fact in error, constitute reversible error only when they have prejudiced the complaining party and influenced the verdict. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice,* p. 90, 1963 Pocket Part, §1510 (18) and the cases cited therein. The jury found

that the defendant was liable, and therefore the plaintiff appellant was not prejudiced by the ruling of the court on the instruction, whether or not the ruling was correct. There being no prejudice of the plaintiff appellant's cause of action, this court is of the opinion that the trial court did not commit reversible error.

Judgment affirmed.

Kelley, Mote and Pfaff, JJ., concur.

NOTE.—Reported in 196 N. E. 2d 285.