VALLIE D. WYNDER *v.* PATRICK LEE LONERGAN.

[No. 372A117. Filed August 15, 1972. Rehearing denied September 13, 1972. Transfer denied January 17, 1973.]

*Edward N. Smith,* of Fort Wayne, for appellant.

*Daniel R. Roby, Wyss, McCain, Mochamer, Roby, Ryan and Myers,* of Fort Wayne, for appellee.

STATON, J.—Vallie D. Wynder, a fifty-seven year old private duty nurse, had traveled from Virginia to Fort Wayne, Indiana to attend the graduation of her daughter as a registered nurse from St. Joe Hospital. She was a passenger in the back seat of an automobile being driven by her daughter when it was struck in the rear by an automobile being driven by Patrick Lonergan. This occurred May 26, 1968. She filed an action for damages on May 6, 1970 in the Allen County Superior Court. Liability was admitted by Patrick Lonergan. Only damages were litigated. She received a verdict of Five Hundred Dollars ($500.00). Her motion to correct errors raises the following paraphrased questions:

> QUESTION ONE: Was hearsay testimony offered from a deposition improperly excluded by the trial court?
>
> QUESTION TWO: Did the trial court commit error when it sustained an objection to the admission in evidence of additional medical bills for the reason that the medical expenses had been agreed upon in a pre-trial order?
>
> QUESTION THREE: Did the trial court commit error when it sustained Lonergan's motion ". . . to the extent that all hearsay evidence as to loss of wages will be suppressed."?
>
> QUESTION FOUR: Was Five Hundred Dollars inadequate damages?

We affirm the judgment in our opinion which follows:

## I.

### QUESTION ONE

This question is characterized and delineated by Vallie D. Wynder in her brief as follows:

"Probably one of the most devastating errors that took place at the time of the trial was the admitting of plaintiff-appellant's treating physician's deposition into the evidence, and then in the same stroke improperly excluding vital parts of his testimony."

The treating physician's deposition was taken by Lonergan as a discovery deposition. It was offered into evidence by Vallie D. Wynder at the trial. Her attorney read the questions in the deposition to Lonergan's attorney who had taken the witness stand. Vallie D. Wynder does not question the validity of the trial court's ruling on the objections made from the witness stand during the trial but predicates error upon these propositions:

"(1) The defendant did not raise this objection at the deposition, and since it was not based on competency, relevancy, or materiality, it was waived. . . .

"(2) The *defendant, himself,* had asked the question at the deposition, and is bound by the answer if he does not object to them or make a motion to strike as not being responsive."

Heavy reliance is placed upon Rule TR. 32(D)(3) of the Indiana Rules of Procedure to support these propositions and to establish error.

Rule TR. 32(D)(3) limits Rule TR. 32(B) of the Indiana Rules of Procedure. The broader terms of Rule TR. 32(B) provide:

"(B) *Objections to admissibility.* Subject to the provisions of Rule 28(B) and subdivision (D)(3) of this rule, objection may be made at the trial or hearing to receiving in evidence any depositions or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying."

Contrasting the scope of Rule TR. 32(B), Rule TR. 32(D)(3) provides that some kinds of objections to errors and irregularities are waived if seasonable objection is not made. 8 Wright & Miller, Federal Practice and Procedure; Civil § 2143, at 454. The "kinds of objections" which

require "seasonable objections" are listed in Rule TR. 32 (D) (3) (a-c) :

1. Competency of a witness;
2. Competency, relevancy, or materiality of testimony;
3. Manner of taking the deposition;
4. Form of questions or answers;
5. Errors in the oath or affirmation;
6. Conduct of parties;
7. Other form defects;
8. Form of written questions submitted under Rule 31.

The list above is a limitation on Rule TR. 32 (B). Applying the rule of *expressio unius est exclusio alterius,* the contention of error urged must fail.[1] Inadmissible deposition testimony cannot be waived by failing to object when the deposition is taken unless the testimony falls within one of the eight categories listed above. Even then, waiver may not attach if a "seasonable objection" could not have cured the defect. This reasoning is consistent with the purpose of discovery procedures.[2] The federal rule is an exact reflection of our own.[3] In *Johnson* v. *Nationwide Mutual Insurance Co.* (4th Cir. 1960), 276 F. 2d 574, the court specifically held that testimony in the deposition which contains hearsay is not waived by failure to object at the taking of the deposition.

Vallie D. Wynder's second proposition is that Lonergan is bound by the treating physician's answer to his question. This proposition is directly contra to the specific terms of Rule TR. 32 (C) of the Indiana Rules of Procedure which state:

1. "What is expressed is exclusive . . . when it is . . . in derogation . . . of some provisions in the particular act." *Straus* v. *Yeager* (1911), 48 Ind. App. 448, 458-459, 93 N. E. 877, 881.
2. 8 Wright & Miller, Federal Practice and Procedure: Civil § 2008.
3. 8 Wright & Miller, Federal Practice and Procedure: Civil §§ 2141-2156.

"(C) *Effect of taking or using depositions.* A party does not make a person his own witness for any purpose by taking his deposition. The introduction in evidence of the deposition or any part thereof for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this shall not apply to the use by an adverse party of a deposition as described in subdivision (A)(2) of this rule. At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by him or by any other party."

The first sentence of Rule TR. 32(C) is clear and concise. A deponent does not become a party's witness when a deposition is taken before trial. Evidentiary trial restrictions such as being bound by the answers of your witness and failing to object to unresponsive answers are not part of the discovery procedures. 8 Wright & Miller, Federal Practice and Procedure: Civil § 2152, at 472; see also *Duling* v. *Markun* (7th Cir. 1956), 231 F. 2d 833 (cert. den. 352 U.S. 870, 77 S. Ct. 96, 1 L. Ed. 2d 76.)

Question One does not present any error.

## II.

### QUESTION TWO

The second question concerns a pre-trial order stipulation on medicial bills. Vallie D. Wynder attempted to introduce additional medical bills at the trial which were objected to by Lonergan. His objection was sustained. Vallie D. Wynder described her contention of error as follows:

"Another major error at the trial was the excluding of evidence of medical bills and expenses offered by the plaintiff."

The pre-trial order had the following stipulation:

"3. It was further agreed and stipulated that plaintiff's medical expenses were One Hundred-Ninety-Five Dol-

lars ($195.00), including Twenty-Five Dollars ($25.00) for a medical report."

Vallie D. Wynder contends that Item (F) of the pre-trial order is broad enough to allow these additional medical bills in evidence. Item (F) of the pre-trial order merely states:

"F. Plaintiff's exhibits:
1. Certain medical bills.
2. Certain hospital records."

Indiana procedure requires that additional medical bills ". . . shall be immediately furnished opposing counsel. The original of any such disclosure shall immediately be filed with the court and shall indicate the date it was furnished opposing counsel." Rule TR. 16 (I) of the Indiana Rules of Procedure. There is no showing that Rule TR. 16 (I) was complied with by Vallie D. Wynder in spirit or in fact. Rule TR. 16 (I) provides:

"(I) *Witnesses or exhibits discovered subsequent to pretrial conference.* If, following the pre-trial conference or during trial, counsel discovers additional exhibits or the names of additional witnesses, the same information required to be disclosed at the conference between attorneys shall be immediately furnished opposing counsel. The original of any such disclosure shall immediately be filed with the court and shall indicate the date it was furnished opposing counsel."

We note on page thirty of the transcript that the pre-trial order was amended at the request of Vallie D. Wynder on June 14, 1971 and that the following was stricken out:

"and the loss wages as indicated by proof from her employer in the amount of One Hundred Three Dollars ($103.00)."

The major purpose of the pre-trial order "is to eliminate surprise by sharpening and simplifying the issues which must be tried." *Walker* v. *West Coast Fast Freight, Inc.* (9th Cir. 1956), 233 F. 2d 939. For the trial court and the litigant ". . . the primary purpose of the pre-

trial procedure is to 'define the claims and defenses of the parties for the purpose of eliminating unnecessary proof and issues, *lessening the opportunities for surprise and thereby expediting the trial.*'" *Meadow Gold Products Co.* v. *Wright* (D.C. 1959), 278 F. 2d 867, 869.

A pre-trial order stipulation is conclusive upon the parties and the judicial tribunal unless the stipulation is withdrawn, amended or supplemented as provided by Indiana Rules of Procedure. Rule TR. 15(B) and Rule TR. 16(I-J). *Bruggner* v. *Shaffer* (1965), 138 Ind. App. 183, 187, 210 N. E. 2d 439. See also *Schreiber* v. *Rickert* (1943), 114 Ind. App. 55, 58, 50 N. E. 2d 879.

The trial court did not commit error when it sustained Lonergan's objection to the additional medical bills.

## III.

### *QUESTION THREE*

We noted earlier that the pre-trial order had contained the stipulation that ". . . the loss wages as indicated by proof from her employer in the amount of One Hundred Three Dollars ($103.00)." This stipulation was withdrawn by Vallie D. Wynder before trial on June 14, 1971. Lonergan filed a "Motion in Limine" alleging that Vallie D. Wynder was not employed at the time of the accident and that speculative evidence would be offered by her regarding an employer who was now deceased. The motion requested the trial court to suppress all evidence concerning loss of wages and ". . . to admonish plaintiff not to attempt to introduce any evidence concerning loss of wages." The trial court sustained the motion and issued the following order:

> "Come now the parties herein, in person and by counsel, and the defendant's motion in Limine, heretofore filed herein, is now by the Court sutsained *to the extent that all hearsay evidence as to loss of wages will be suppressed.*" (Our emphasis.)

Vallie D. Wynder's contention of error as stated in her brief is:

"As a result of this ruling, plaintiff was admonished before the trial not to introduce hearsay evidence on lost wages. . . ."

She then concludes:

". . . it greatly prejudiced plaintiff's effords [efforts] in prosecuting her case, in not being able to present this evidence to the jury in a direct and effective way."

It appears that this argument assumes that "any conversation between plaintiff and her patient concerning lost wages would be inadmissible on the grounds of hearsay." But, she contends that Lonergan was mistaken as to who was the employer. The patient died. The employers were the decedent's relatives who are very much alive. However, Vallie D. Wynder was never denied the right to present the testimony of live witnesses by the trial court. If the court's order sustaining Lonergan's "Motion in Limine" surprised her, it is not acknowledged by a motion for continuance. The trial court's order ". . . to the extent that all hearsay evidence as to loss of wages will be suppressed. . . ." is actually reciting an evidentiary rule that it would have had to enforce even if the "Motion in Limine" had never been filed by Lonergan.[4] We find no error.

## IV.

### QUESTION FOUR

The jury's verdict awarded damages in the sum of Five Hundred Dollars ($500.00). Vallie D. Wynder has set forth in her brief the "last humiliating error":

"The last humiliating error was the finding by the jury in favor of the plaintiff and awarding her the paltry sum of Five Hundred Dollars ($500.00)."

4. *Trustees of Indiana University* v. *Williams* (1969), 252 Ind. 624, 251 N. E. 2d 439.

When we consider a contention of inadequate damages, ". . . we must apply the same rules as would be applied if it were being challenged as excessive. . . . This is also the modern rule at common law." *Schutz* v. *Rose* (1964), 136 Ind. App. 165, 169, 196 N. E. 2d 285. The test to be used is this: A damage verdict will only be reversed by this Court after we have examined the evidence concerning the injuries, and it is apparent that the amount of damages assessed by the jury is so small or so great as to indicate that the jury was motivated by "prejudice, passion, partiality or corruption, or considered some improper element." *Green* v. *Oakley* (1969), 145 Ind. App. 307, 250 N. E. 2d 594.

Our examination of the evidence reveals many conflicting inferences as to the causation of Vallie D. Wynder's pain and suffering.[5]

It would be impossible for this Court to say, as a matter of law, that the damages awarded by the jury to Vallie D. Wynder were inadquate. *Cox* v. *Winklepleck* (1971), 149 Ind. App. 319, 271 N. E. 2d 737.

The trial court's judgment should be and the same hereby is affirmed.

Hoffman, C.J. and Lybrook, J., concur.

NOTE.—Reported in 286 N. E. 2d 413.

---

5. In *Green* v. *Oakley* (1969), 145 Ind. App. 307, 250 N. E. 2d 594, 598, this Court emphasized:

"In A.S.C. Corp. v. First National Bank of Elwood, 241 Ind. 19, 25, 167 N. E. 2d 460, 463 (1960), Judge Bobbitt, speaking for our Supreme Court, stated:

'* * *, our appeal courts have again recognized the fact that uncontradicted evidence will sometimes support conflicting inferences, and when this is the case, the inferences drawn by the trier of facts will prevail.'

"In this same contest [context] Judge Cooper, speaking for this Court in Nationwide Mutual Ins. Co. v. Day (1967), 140 Ind. App. 564, 224 N. E. 2d 520, 523, stated:

'For us to say as a matter of law that there was no conflict in the evidence, or that it was sufficient to sustain a recovery for the Appellant, would amount to an invasion of the province of the jury which tried this cause and concluded otherwise.' "