JACK M. WALKER *v.* DELBERT JENNINGS AND JERRY JENNINGS.

[No. 1-974A132. Filed June 23 1975.]

*David A. Federico, Federico & Williams,* of Liberty, for appellant.

*James H. Ronald,* of Richmond, for appellees.

LOWDERMILK, J.—This appeal comes to us presenting under the motion to correct errors only one charged error which is that the award of damages by the court was inadequate.

The parties hereto entered into a stipulation of fact which was to the effect that they had entered into a contract whereby the plaintiff (Walker) purchased standing timber from the defendants (Jennings') for the sum of $4,500.00. That later Walker was notified to stop cutting the timber, which he did after cutting another day and removing all the logs that had been cut.

The type, kind, quantity, and size of the timber removed by Walker was not stipulated and is an issue as well as is the value thereof.

Jennings' issued a check for $4,500.00 to reimburse Walker for the purchase price and, subsequently, Jennings' stopped payment on said check.

The cause was tried to the court which rendered a judgment to Walker, against Jennings', in the sum of $838.21, which Walker now contends is totally unsupported by the evidence and is contrary to law. However, these subjects were not covered by objections and were not set out in the motion to correct errors and therefore they are waived and present no question for the court, pursuant to Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

The evidence, in addition to the stipulated evidence, went principally to the kinds, size, price per board foot and number of logs cut and removed from Jennings' property by Walker. Although Walker had sold the walnut logs to one veneer mill and had sold sycamore and cottonwood logs to another mill, he had no record of the size, board feet sold, and the price he was paid. Jennings' introduced evidence of the

sale of ten walnut logs by Walker to a veneer mill, showing their length and diameter. The length of some of the trees from which logs had been cut was determined by measuring from the stump to the brush left on the ground after the tree had been fallen and the logs cut off into lengths.

The evidence showed the price given on good walnut logs for veneering use ran from $1.50 to $2.50 a board foot down to practically no value on defective logs and that sycamore logs were worth about twenty-eight cents per board foot at the mill. The ten walnut logs sold to the veneering mill were figured by Oscar Bowling, a timber buyer, to have had 3,474 board feet. This result was obtained by using the Doyle Scale.[1]

However, the evidence is in dispute as to how the Doyle Scale was applied to measuring the small end of the log rather than the stump or larger end. Walker frankly stated in his brief he had not saved his question on the measurements under the Doyle Scale, as he had not saved the same by raising it in his motion to correct errors.

Two witnesses, qualified as experts, testified the total value of the logs removed could not exceed $1,000.00. There is further evidence the timber could have been resold for $6,000.00.

Virgus Browning, a fifty-fifty partner with Walker in this deal, testified he was a timber buyer and knew the value of the logs purchased from Jennings'. Mr. Browning was asked certain questions to which he made responsive answers as follows, to-wit:

"Q. You heard Mr. Walker estimate the value of the logs at $6,000. Do you feel they were worth more than that?

A. Yes, I do. Well, you have to figure some labor there. Maybe he was talking about we would clear $1,500 on

---

1. The Doyle Scale of measuring board feet in standing trees or a log are made by measurement of the length of the log and of the diameter of the small or top end of the log. These figures are then used in a formula or scale from which is calculated the board feet in the log. The Doyle Scale is the scale most prominently, if not exclusively, used by timber buyers.

the thing. I was figuring what the timber actually would be worth if we had had a chance to deliver it."

The evidence presented at trial was conflicting.

This court, in speaking of the judge's duty where the evidence was conflicting, in *Pontious* v. *Littleton* (1970), 146 Ind. App. 369, 255 N.E.2d 684, 691, said:

"This court cannot, and will not, weigh the evidence; that was the duty of the trial court, who saw and observed the witnesses on the stand, took into consideration their truthfulness, their bias and interests in the case, and was in a better position to understand the evidence, draw inferences therefrom, and determine the truth of the collision [value of timber] in question."

Further, in *Pontious, supra,* this court said:

". . . Where the evidence is conflicting, in determining whether a finding in favor of appellee is warranted, only the uncontroverted facts and the evidence most favorable to appellee and the favorable inferences that may be drawn therefrom can be considered on appeal. [Cases cited omitted.] . . ." 255 N.E.2d at 691.

For this court to pass on the specification of error saved by Walker we must necessarily weigh the evidence which, for the reasons above cited, we cannot and will not do. We shall, however, discuss the question of inadequate damages.

In the case of *Rodinelli* v. *Bowden* (1973), 155 Ind. App. 582, 293 N.E.2d 812, 814, the Third District of this court, in passing on the question of inadequate damages, said:

"To determine if the verdict is inadequate the same rules must be applied as if the verdict were being challenged as excessive. In *Henschen* v. *New York Cent. R. Co.* (1945), 223 Ind. 393, at 399, 400, 60 N.E.2d 738, at 740, it is stated:

'Aside from cases where damages are a mere matter of computation this court will reverse a cause for excessive damages only where, after examining the evidence concerning the injuries, it is apparent that the amount of damages assessed by the jury is so large as to indicate that the jury in assessing the amount was motivated by prejudice, passion, partiality or corruption, or considered some improper element. (Citing authorities.) * * *

In a case of this kind the extent of the compensation is largely a jury question and does not admit of fixed rules and mathematical precision.' "

The Third District of this court, in *Wynder* v. *Lonergan* (1972), 153 Ind. App. 92, 286 N.E.2d 413, 418, in speaking on inadequate damages, said:

"When we consider a contention of inadequate damages, '. . . we must apply the same rules as would be applied if it were being challenged as excessive. . . . This is also the modern rule at common law.' *Schutz* v. *Rose* (1964), 136 Ind. App. 165, 169, 196 N.E.2d 285, 287. The test to be used is this: A damage verdict will only be reversed by this Court after we have examined the evidence concerning the injuries, and it is apparent that the amount of damages assessed by the jury is so small or so great as to indicate that the jury was motivated by 'prejudice, passion, partiality or corruption, or considered some improper element.' *Green* v. *Oakley* (1969), 145 Ind. App. 307, 250 N.E.2d 594.

Our examination of the evidence reveals many conflicting inferences as to the causation of Vallie D. Wynder's pain and suffering.

It would be impossible for this Court to say, as a matter of law, that the damages awarded by the jury to Vallie D. Wynder were inadequate. *Cox* v. *Winklepleck* (1971), [149] Ind. App. [319], 271 N.E.2d 737."

As in *Wynder, supra,* it would be impossible for this court to say, as a matter of law, that the damages awarded Walker by the court were inadequate.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 330 N.E.2d 134.