Josephine L. FAULK, Appellant
(Plaintiff Below),

v.

C. P. CHANDLER et al., Appellees
(Defendants Below).

No. 2-579A154.

Court of Appeals of Indiana,
Fourth District.

Aug. 12, 1980.

A. M. Thomas, Thomas & Thomas, Indianapolis, for appellant.

David M. Mattingly, Ice, Miller, Donadio & Ryan, Indianapolis, for appellees.

YOUNG, Presiding Judge.

Josephine L. Faulk brought suit against C. P. Chandler and Reynolds Tobacco Corp. for personal injuries arising from an automobile collision. Trial was by jury which found in favor of Faulk on the issue of liability and awarded zero dollars in damages. She appeals contending the following issues warrant reversal:

    a.  the trial judge erred in giving certain instructions;

    b.  the trial judge improperly communicated with the jury during their deliberation;

    c.  the jury's verdict of zero dollars is contrary to law;

    d.  the trial judge erred in overruling her motion for judgment on the evidence.

We affirm.

Two instructions were objected to by Faulk and given by the trial judge. The first reads as follows:

> I now instruct you that it is the law of the State of Indiana, that if you find from a fair preponderance of all the evidence in the case that the defendant, Colin Chandler, exercised all the attention and care in driving his automobile that would be considered reasonably necessary under all the circumstances, that the defendant, Colin Chandler, was not guilty of any wrongful act or omission of duty, and the damages for which the plaintiff is suing, if any, were done unavoidably and under circumstances which the defendant, Colin Chandler, could not control or avoid, then the plaintiff is not entitled to recover any damages against the defendant, Colin Chandler, and your verdict should be accordingly for the defendant, Colin Chandler, for if there is no negligence on the part of one person, another cannot recover damages against that person, even though the party suing had been damaged.

The basis for objection was that the instruction was a "pure accident" instruction. Two decisions by this court have held to the contrary, *Adkins v. Elvard*, (1973) 155 Ind. App. 672, 294 N.E.2d 160 and more recently, *Ernst v. Sparacino*, (1978) Ind.App., 380 N.E.2d 1271, 1276 (criticized on other grounds, *Sims v. Huntington*, (1979) Ind., 393 N.E.2d 135, 138 n. 1). The instruction was proper. The second instruction reads as follows:

I instruct you that the duty imposed upon the Defendant did not require him to use every possible precaution to avoid the accident with the Plaintiff; nor that the Defendant should have employed any particular means, which it may appear after the accident would have avoided it; nor was the defendant required to make accidents impossible. The Defendant was only required to use such reasonable precaution to prevent the accident as would have been adopted by ordinarily prudent persons under the circumstances as they appeared prior to the accident.

Objection was made that the instruction "attempts to remove certain duties that are obviously the duty of the driver on the road. It requires him to use every possible . . it does not require him to use every possible precaution. Nor that he should employ any particular means. It removes all the burdens and duties that he has. It is a mandatory instruction in behalf of the Defendants." Counsel for Faulk argues the instruction is applicable only in guest cases. This instruction defines the doctrine of sudden peril and was approved by *Tuttle v. Reid*, (1966) 247 Ind. 375, 216 N.E.2d 34, without the restriction urged by Faulk. The instruction was properly given.

Moreover, the quarrel over the propriety of either instruction is without merit since the instructions are directed toward the issue of negligence and the jury found for the plaintiff on that issue. The jury could not have been misled. *Rondinelli v. Bowden*, (1973) 155 Ind.App. 582, 293 N.E.2d 812.

Next, Faulk contends that the trial judge improperly communicated with the jury during their deliberation.

■ The jury sent the following note to the judge by the bailiff:

We are stalled on the matter of injury. Is it the plaintiff's responsibility to prove injury or can we use common sense to decide if she was or not?

The trial judge wrote the following on the note:

The plaintiff has the burden of proving all material allegations of their complaint.

At the trial judge's instruction, the bailiff showed the note and the response to counsel for both the plaintiff and the defendants who were asked if they had any objection to the response. No such objection was made. Questions raised on appeal for the first time without objection before the trial court are waived. *Indiana Toll Road Commission v. Bartusch*, (1962) 135 Ind.App. 123, 184 N.E.2d 34.

■ Faulk argues that the jury's award of zero dollars as damages was contrary to evidence presented. A verdict of zero damages is not necessarily contrary to law, *Niemeyer v. Lee*, (1969) 144 Ind.App. 161, 245 N.E.2d 178. The plaintiff chooses to view the case at hand as a situation in which inadequate damages were assessed. The evidence presented indicated that the plaintiff suffered from a preexisting injury which was not aggravated by the accident. The jury found that she did not suffer any damages as a result of the accident.

■ Indiana courts have set a strict standard of review for appeals predicated upon the excessiveness or insufficiency of awarded damages. A verdict will only be reversed when it is apparent from a review of the evidence concerning the injuries that the amount of damages assessed by the jury is so small or so great as to indicate that the jury was motivated by prejudice, passion, partiality or corruption or considered some improper element. *Henschen v. New York Central R.R. Co.*, (1945) 223 Ind. 393, 60 N.E.2d 738; *Walker v. Jennings*, (1975) 164 Ind.App. 554, 330 N.E.2d 134; *Wynder v. Lonergan*, (1972) 153 Ind.App. 92, 286 N.E.2d 413; *Green v. Oakley*, (1969) 145 Ind.App. 307, 250 N.E.2d 594. Where the evidence presented is conflicting as to the nature, extent, and source of the injury, the jury is in the best position to assess damages. In such cases, the verdict returned by the jury cannot be said to be based upon prejudice, passion, partiality or corruption or on the consideration of some improper element. *Schutz v. Rose*, (1964) 136 Ind. App. 165, 196 N.E.2d 285; *Galbraith v.*

*Leininger,* (1975) 164 Ind.App. 1, 326 N.E.2d 634; *Wickizer v. Medley,* (1976) 169 Ind. App. 332, 348 N.E.2d 96. Nothing in the record indicates the verdict of the jury was prompted by prejudice, passion, partiality or corruption. Evidence as to Faulk's injuries, their causal connection with the accident and resulting damages was, at best, conflicting. Thus the jury's determination stands.

Lastly, Faulk complains that the trial court erred in refusing her motion for judgment on the evidence in the determination of damages but presents no cogent argument in support of that contention. Aside from that failure, the evidence regarding damages was contested. Being so, the trial court correctly overruled the motion. *Estate of Holderbaum v. Gibson,* (1978) Ind.App., 376 N.E.2d 1189.

Affirmed.

CHIPMAN and MILLER, JJ., concur.